UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MATIAS TORRES,<br><br>         Plaintiff,<br><br>   v.<br><br>RALPH M. DIAZ, et al.,<br><br>         Defendants. | Case No.: 1:14-cv-00492-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 20] |

Plaintiff Juan Matias Torres is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 15, 2014, Plaintiff filed a motion for the appointment of counsel.

There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). The Court previously denied Plaintiff's requests and nothing has substantially changed in this case since that time to change the Court's analysis. Plaintiff is proceeding on a claim of excessive force, retaliation, and due process, and the legal issues present in this action are not complex. Plaintiff limited access to legal resources, the law library, and lack of legal education does not demonstrate exceptional circumstances. This Court is faced with cases brought by prisoners in similar circumstances almost daily. Based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")

Accordingly, Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **September 18, 2014**

UNITED STATES MAGISTRATE JUDGE