UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MATIAS TORRES,<br><br>  Plaintiff,<br><br>  v.<br><br>RALPH M. DIAZ, et al.,<br><br>  Defendants. | Case No.: 1:14-cv-00492-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR COURT ORDER TO OBTAIN A DECLARATION FROM PRISONER WITNESS<br><br>[ECF No. 35] |

Plaintiff Juan Matias Torres is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's motion for a court order to obtain a declaration from a prisoner witness, filed March 12, 2015. (ECF No. 35.) The Court construes Plaintiff's motion as a request for a preliminary injunction.

This action is proceeding on Plaintiff's second amended complaint against Defendants Michael Harris, Rumulo Garza, and Y. Arnold for excessive force in violation of the Eighth Amendment, against Defendant John Doe for unreasonable search, against Defendant D. Fernandez for retaliation, and against Defendants B. Garza and M. Pallares for a due process violation.

Defendants R. Garza, Pallares, Arnold, Fernandez, Harris, and B. Garza filed an answer to the second amended complaint. (ECF No. 31.)

///

1

## I.

## DISCUSSION

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. The constitutional and statutory requirements applicable to equitable relief preclude Plaintiff from entitlement to generalized relief such an order directing that prison officials allow Plaintiff to interview a fellow inmate/witness for purposes of obtaining his declaration.

The equitable relief requested herein is not sufficiently related to Plaintiff's underlying legal claims to satisfy the jurisdictional requirements that apply to federal courts. This is for the simple reason that the merits of the underlying action do not relate to the conduct alleged in his motion for a preliminary injunction. Accordingly, Plaintiff's motion for a preliminary injunction must be denied.

## II.
## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 16, 2015**

UNITED STATES MAGISTRATE JUDGE