1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  JUAN MATIAS TORRES,                     )  Case No.: 1:14-cv-00492-AWI-SAB (PC)
                                            )
12               Plaintiff,                 )
                                            )  ORDER DENYING PLAINTIFF'S MOTION
13        v.                                )  FOR LEAVE TO FILE A THIRD AMENDED
                                            )  COMPLAINT
14  RALPH M. DIAZ, et al.,                  )
                                            )  [ECF No. 46]
15               Defendants.                )
                                            )
16  _____)

17        Plaintiff Juan Matias Torres is appearing pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.

19        This action is proceeding on Plaintiff's second amended complaint, filed August 7, 2014, as to

20  Plaintiff's claim of excessive force against Defendants Michael Harris, Rumulo Garza, and Y. Arnold,

21  an unreasonable search by John Doe, retaliation against Defendants D. Fernandez, and due process

22  claim against Defendants B. Garza and M. Pallares.  (ECF No. 19.)

23        On February 4, 2014, Defendants filed an answer to the second amended complaint.  (ECF No.

24  31.)

25        On April 27, 2015, Plaintiff filed a motion for leave to file a third amended complaint.

26        On May 5, 2015, Defendants R. Garza, Pallares, Arnold, Fernandez, Harris, and B. Garza filed

27  a motion for summary judgment based on the lack of exhaustion of the administrative remedies.  (ECF

28  No. 47.)

Although Defendants did not file an opposition to Plaintiff's instant motion to amend the complaint, for the reasons explained below, Plaintiff's motion must be denied.

## I.

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course within 21 days of service, of if the pleading is one to which a response is required, 21 days after service of the responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Defendants filed an answer on February 4, 2015. (ECF No. 31.) Therefore, Plaintiff requires either consent of Defendants or leave of the Court to file an amended complaint. Defendants have not consented to amendment by Plaintiff.

Granting or denying leave to amend a complaint is in the discretion of the Court, Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "Freely given when justice so requires.' Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). After a defendant files a responsive pleading, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Madeja v. Olympic Packers, 310 F.3d 628, 636 (9th Cir. 2002) (citing Yakima Indian Nation v. Wash. Dep't of Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999). There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); see also Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990).

### A.    Prior Amendments

The Court's discretion to deny amendment is "particularly broad" where a plaintiff has previously amended his complaint. Allen, 911 F.2d at 373. In this instance, Plaintiff has previously

2

amended the complaint twice, once as a matter of right and the other with court permission.  (ECF Nos. 8, 9, 12, 18.)  Thus, this factor weighs against amendment.

### B.   Undue Delay

Undue delay, alone, is insufficient to deny leave to amend the pleadings.  Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973); DCD Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1986).  However, in combination with other factors, delay may be sufficient to deny amendment.  See Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981).  Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."  Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).   Also, the Court should examine whether "permitting an amendment would … produce an undue delay in the litigation."  Id. at 1387.

Here, Plaintiff seeks leave to amend to hold "all defendants accountable."  Plaintiff offers no reason why he could not and did not seek to amend the complaint prior to the responsive pleading or he could not have added whatever claims he now seeks to raise in the prior complaints. Thus, this factor weighs against amendment.

### C.   Bad Faith

There are no facts from which the Court can infer that Plaintiff acted in bad faith, and this factor does not weigh against amendment.

### D.   Futility of Amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin, 59 F.3d at 845; see also Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient").  Futility may be found where added claims are duplicative of existing claims of patently frivolous, or both.  See Bonin, 59 F.3d at 846.  Here, Plaintiff does not set forth the claims for which he seeks amendment, and the Court cannot determine the propriety of amendment or whether amendment would be futile which weighs against amendment.

///

///

3

**Prejudice to Opposing Party**

Prejudice is the most critical factor in determine whether leave to amend should be granted. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  The burden of showing prejudice is on the party opposing an amendment to the complaint.  DCD Programs, 833 F.2d at 187.

In this instance, Defendants have filed an answer and a motion for summary judgment addressing the second amended complaint, and allowing Plaintiff to amend, at this juncture for some unknown reason, could possibly prejudice the Defendants.  However, the Defendants failed to object so the Court can infer that they believe they  would  not prejudiced, but in light of the above analysis the Court finds that the motion should be denied.

## II.

## ORDER

Based on the foregoing, after weighing all the relevant factors Plaintiff's motion for leave to file a third amended complaint must be DENIED.

IT IS SO ORDERED.

Dated:  **May 20, 2015**

UNITED STATES MAGISTRATE JUDGE

4