UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MATIAS TORRES,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH M. DIAZ, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00492-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR EXPENSES<br><br>[ECF No. 73] |

Plaintiff Juan Matias Torres is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 1, 2015, Plaintiff filed a motion to compel discovery responses from Defendants. Defendants filed an opposition on June 22, 2015.[1]  (ECF No. 77.)  Plaintiff did not file a reply and the motion is deemed submitted.  Local Rule 230(l).

///

///

///

///

---

[1] On this same date, Plaintiff filed a motion requesting additional discovery to oppose Defendants' pending motion for summary judgment relating to exhaustion of the administrative remedies.  (ECF No. 72.)  Plaintiff's request will be addressed by separate order in due course.

1

# I.

# DISCUSSION

### A.   Legal Standard

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 32, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.    Procedural Background**

Plaintiff seeks to compel responses from Defendant because, as of May 25, 2015, he had not received any response. Plaintiff also seeks to impose $10,000 in sanctions against Defendants for their failure to respond to his discovery requests.

Defendants argue that Plaintiff's motion is moot because a response to Plaintiff's discovery requests was timely served on May 22, 2015.

Pursuant to the Court's standard practice in civil rights cases such as this, the discovery phase opens via the issuance of a discovery and scheduling order, and the discovery period is eight months

3

long, with the potential for extension upon a timely showing of good cause. Fed. R. Civ. P. 16(b). In this case, the discovery phase commenced on February 5, 2015, with the issuance of the discovery and scheduling order, and the discovery deadline is set for October 5, 2015.

On or about March 16, 2015, defense counsel received Plaintiff's first set of interrogatories and requests for production. (ECF No. 43, Motion, Decl. of Erick Rhoan ¶ 2.) Defendants sought an extension of the deadline to May 26, 2015, to respond to Plaintiff's discovery. (Id. ¶ 18.) Defendants' request was granted on April 22, 2015. (ECF No. 44.) On or about April 16, 2015, defense counsel received Plaintiff's second set of requests for production. (ECF No. 60, Motion, Decl. of Erick Rhoan ¶ 3.)

On May 5, 2015, Defendants Arnold, R. Garza, Harris, and Pallares moved for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies. (ECF No. 47.) On May 7, 2015, those Defendants moved for a protective order seeking a stay of all merits-based discovery pending outcome of the motion for summary judgment. (ECF No. 50.)

On May 22, 2015, Defendant Fernandez moved for judgment on the pleadings on the grounds that Plaintiff's claims against him were barred by res judicata. (ECF No. 58.) Defendant Fernandez also joined Defendants' motion for protective order to stay all merits-based discovery pending the outcome of his motion. (ECF No. 59.) On this same date, all Defendants, except B. Garza requested a second extension of time to respond to Plaintiff's interrogatories and both sets of request for production of documents. (ECF No. 60.) Defendant Garza indicated that because she was not moving to extend the time to respond to Plaintiff's discovery she would respond to such requests. (Id.) Defense counsel submits that Defendant Garza served her responses to Plaintiff's discovery requests on May 22, 2015. (ECF No. 76-1, Defs.' Opp'n to Pl.'s Req. for Additional Disc., Decl. of Erick Rhoan ¶ 2.) Defendants submit that Plaintiff received Defendant Garza's responses, and Defendants' other filings on May 28, 2015. (Id., Decl. of M. Kimbrell ¶ 6.)

On May 27, 2015, the Court granted Defendants' motion for a protective order and second request for extension of time, staying all merits-based discovery until adjudication of Defendants' motion for summary judgment and motion for judgment on the pleadings. (ECF No. 63.)

///

### C. Motion to Compel

Plaintiff's motion to compel a response to his discovery requests is moot. Defendant B. Garza timely served her responses to Plaintiff's discovery on Friday, May 22, 2015. (ECF No. 76-1, Decl. of Rhoan ¶ 2.) Although Plaintiff indicates that he did not receive the responses as of May 25, 2015, Defendant Garza submits evidence that the responses were served on May 22, 2015, and, in any event, the actual due date was not until May 26, 2015. (ECF No. 44.) Indeed, defense counsel submits Plaintiff's legal mail log which reveals that Plaintiff received Defendant Garza's responses and Defendants' other filings on May 28, 2015. (ECF No. 76-1, Decl. of M. Kimbrell ¶ 6.) Furthermore, the timeliness of discovery responses is determined by the date the responses were served and not when they are actually received by the recipient. Service is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C). Thus, Plaintiff's claim that he did not receive the discovery responses on the date he claims he should have is not determinative. See, e.g., Sutton v. United States, 922 F.2d 841 (6th Cir. 1991) ("Failure to receive does not affect the validity of proper mail serve."); see also In re Eagle Bus Mfg., Inc., 62 F.3d 730, 735 (5th Cir. 1995) ("[T]he question becomes whether the send properly mailed the notice and not whether the intended recipient received it.").

Moreover, Defendants' motion for protective order staying all merits-based discovery was granted, as well as Defendants' request for an extension of time not to respond to Plaintiff's discovery until their pending motions for summary judgment and judgment on the pleadings are granted.[2] Thus, all Defendants, except Defendant Garza, are not obligated to respond to Plaintiff's discovery requests until the protective order is lifted.

Accordingly, because Defendant Garza properly responded to Plaintiff's discovery requests, Plaintiff's instant motion to compel is DENIED.

### D. Motion for Expenses

Plaintiff requests $10,000 in expenses for filing the instant motion to compel based on Defendants' alleged refusal to answer his discovery requests.

---

[2] Because all of Plaintiff's discovery requests were filed prior to Defendants' motion for summary judgment relating to exhaustion of the administrative remedies, there is no basis to find such discovery requests relate to Defendants' motion.

5

The determination of sanctions in adjudicating a motion to compel is based on reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). However, sanctions are unavailable if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). Pro se litigants are not entitled to attorneys' fees. Franklin v. Smalls, No. 09cv1067 MMA(RBB), 2012 WL 5077630, at *32 (S.D. Cal. Oct. 18, 2012) (citing Bone v. Hibernia Bank, 354 F.Supp. 310, 311 (N.D. Cal. 1973)).

Plaintiff's request for expenses must be denied. Contrary to Plaintiff's claim, Defendant B. Garza timely served her responses to Plaintiff's discovery requests on May 22, 2015, and any delay in Plaintiff's receipt of those responses was due to routine processing delays with the institution's legal mail service. Further, all other Defendants are not required to respond to Plaintiff's discovery requests unless and until the protective order is vacated. Accordingly, there is no basis to award Plaintiff's $10,000 in expenses and his request is denied.

## II.
## ORDER

Based on the foregoing, Plaintiff's motion to compel and request for expenses is DENIED.

IT IS SO ORDERED.

Dated:   **July 16, 2015**

UNITED STATES MAGISTRATE JUDGE