UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MATIAS TORRES,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH M. DIAZ, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00492-AWI-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S REQUESTS FOR ADDITIONAL DISCOVERY TO OPPOSE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[ECF Nos. 61, 72] |

    Plaintiff Juan Matias Torres is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Now pending before the Court is Plaintiff's motions for additional discovery to oppose Defendants' pending motion for summary judgment, filed May 26, 2015, and June 1, 2015, respectively. (ECF Nos. 61, 72.) The Court construes Plaintiff's motions as made under Federal Rule of Civil Procedure 56(d). Defendants filed an opposition on June 22, 2015. (ECF No. 76.) The motion is now deemed submitted to the Court for review. Local Rule 230(*l*).

## I.

## PROCEDURAL HISTORY

    On February 5, 2015, the Court issued its discovery and scheduling order, setting the deadline for exhaustion motions as May 5, 2015. (ECF No. 32.) On or about March 16, 2015, defense counsel received Plaintiff's first set of interrogatories and requests for production. (ECF No. 43 at 2.)

1

Defendants sought an extension of time until May 26, 2015 to respond to Plaintiff's discovery requests, anticipating a response would be filed prior to May 26, 2015. (Id. at 4.) The Court granted Plaintiff's request for an extension on April 22, 2015. (ECF No. 44.) On or about April 16, 2015, defense counsel received Plaintiff's second set of requests for production. (ECF No. 60 at 2.)

On May 5, 2015, Defendants Arnold, R. Garza, Harris, and Pallares moved for summary judgment on the grounds that Plaintiff failed to exhaust the administrative remedies. (ECF No. 47.) On May 7, 2015, Defendants moved for a protective order seeking a stay of all merits-based discovery pending the outcome of the motion for summary judgment. (ECF No. 50.)

On May 22, 2015, Defendant Fernandez moved for judgment on the pleadings on the ground that Plaintiff's claims against him are barred by res judicata. (ECF No. 58.) Defendant Fernandez also joined in Defendants' motion for a protective order to stay all merits-based discovery pending the outcome of his motion. (ECF No. 59.) The Court granted Defendants' motion for a protective order staying all merits-based discovery on May 27, 2015. (ECF No. 63.) All Defendants, except B. Garza, then requested a second extension of time to respond to Plaintiff's interrogatories and both sets of requests for production of documents. (ECF No. 60.) Defense counsel indicated that Defendant B. Garza was not seeking an extension of time and would respond to Plaintiff's discovery requests. (Id. at 3.) Defendant B. Garza served her responses to Plaintiff's discovery requests that same day. (ECF No. 76, Declaration of Erick J. Rhoan ¶ 2.) Plaintiff received Defendant B. Garza's responses on May 28, 2015. (Id., Declaration of M. Kimbrell ¶ 6, Ex. A.)

On May 26, 2015, Plaintiff filed a motion to deny or stay Defendants' motion for summary judgment pending a response to his discovery requests. (ECF No. 61.) On June 1, 2015, Plaintiff filed a motion requesting additional discovery to oppose Defendants' motion for summary judgment.[1] (ECF No. 72.)

///
///
///

---

[1] On June 26, 2015, Plaintiff filed an opposition to Defendants' motion for summary judgment for failure to exhaust the administrative remedies. (ECF No. 78.)

## II.

## DISCUSSION

### A. Legal Standard

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-868 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-1101 (9th Cir. 2006).

### B. Plaintiff's Motions

Plaintiff seeks two discovery items to successfully oppose Defendants' motion for summary judgment for failure to exhaust administrative remedies: (1) the confidential inquiry generated by inmate appeal Log No. SATF-Z-12-00326; and (2) documents pertaining to his Rules Violation Report (RVR) hearing and the Investigative Employee (IE) Report. (ECF Nos. 61 at 1- 2; 72 at 1-2.)

Defendants argue that these documents do not have anything to do with whether he properly exhausted his administrative remedies, and Plaintiff's request should be denied.

1. Confidential Inquiry in Relation to Log No. SATF-Z-12-00236

Plaintiff seeks any and all documents and outcome pertaining to the confidential inquiry conducted by SATF staff in regard to the December 28, 2011 incident and inmate appeal, Log No. SATF-2-12-00236.

Defendants argue that Plaintiff's request does not contain specific reasons why these documents are necessary to refute the argument in their motion for summary judgment that Plaintiff did not name a Defendant in the initially submitted appeal and such document is irrelevant to the

pending exhaustion motion.  Defendants also argue that these documents are confidential and cannot be provided to inmates.

Defendants submit that Plaintiff's inmate appeal Log No. SATF-Z-12-00236 "was investigated and Plaintiff did not provide the investigator with the names and/or identities of any staff member involved in the incident.  Only when the confidential inquiry was conducted were staff members identified, including Defendants.  The appeal was later denied at the Third Level of Review.  (ECF No. 76, Defs.' Opp'n at 3.) (citations omitted.)

Because the confidential inquiry may bear some relevancy on the determination of whether Plaintiff exhausted the administrative remedies, the Court finds the proper procedure is to order Defendants to produce the documentation for review in camera by the Court given the confidential nature of such inquiry.  It does not appear that Plaintiff is in need of such documentation given that he is aware of the nature of the contents of such documentation as bearing on the identity of the Defendants named therein.  Accordingly, Defendants will be directed to submit the confidential appeal inquiry conducted by SATF staff in relation to Plaintiff's inmate appeal Log No. SATF-Z-12-00236.

2. <u>Documents in Relation to Rules Violation Report Hearing or Investigate Employee Report</u>

Plaintiff seeks to obtain documents pertaining to his Rules Violation Report (RVR) hearing and the Investigative Employee (IE) Report.  Plaintiff seeks any and all documents pertaining to the IE report and the rules violation hearing in relation to RVR-C-11-12-041.  Plaintiff requests a "copy of the 'actual hand written document' that Plaintiff had handed to defendant M. Pallares during the 115 hearing on 9/4/12."  (ECF No. 61, Mot. at 1:25-28.)

Defendants argue that Plaintiff fails to establish how any document relating to an RVR hearing or IE report would effect his ability to exhaust his administrative remedies.  Defendants further submit that "Defendant B. Garza had already produced a copy of Plaintiff's Rules Violation Report, Log No. C-11-12-041, which includes the IE report, and is currently Bates numbered at DEF POD 1-20. (Rhoan Decl. ¶ 3.)"  (ECF No. 76, Defs.' Opp'n at 5:13-15.)  Plaintiff received such documents on May 28, 2015.  (ECF No. 76, Rhoan Decl. ¶ 3; Kimbrell Decl. ¶6.)

4

Plaintiff's request for such documentation as necessary to oppose Defendants' exhaustion motion must be denied. Because Defendant B. Garza has provided Plaintiff with the Rules Violation Report which includes the IE report, and Plaintiff has subsequently filed an opposition to Defendants' exhaustion motion, his request for such documentation and delay of ruling on the motion is DENIED.

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Within twenty-one (21) days from the date of service of this order, Defendants shall submit the confidential inquiry conducted by SATF staff in relation to Plaintiff's inmate appeal Log No. SATF-Z-12-00236; and

2. Plaintiff's request for a copy of the Rules Violation Report and IE report is DENIED.

IT IS SO ORDERED.

Dated: **July 16, 2015**

UNITED STATES MAGISTRATE JUDGE