UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MATIAS TORRES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RALPH M. DIAZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-00492-AWI-SAB (PC)<br><br>ORDER DENYING DEFENDANTS' REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S JULY 17, 2015, ORDER<br><br>[ECF Nos. 88, 91] |

　　　　Plaintiff Juan Matias Torres is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On July 27, 2015, Defendants filed a motion for reconsideration by the District Judge of the Magistrate Judge's order issued July 17, 2015, in this case. Plaintiff filed an opposition on August 10, 2015.

　　　　Defendants seek reconsideration of the Magistrate Judge's July 17, 2015 order, directing Defendants to submit the confidential appeal inquiry for Log Number SATF-Z-12-00236 for in-camera review. Defendants argue that because Plaintiff filed his opposition subsequent to the filing of his Rule 56(d) motion, there is no need for additional discovery and producing the document at this time would be waste of judicial time and resources. In addition, Plaintiff failed to meet his burden under Rule 56(d).

1

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing] the ruling, or party thereof, objected to and the basis for that objection. "The standard that the assigned Judge shall use in all such requests is the clearly erroneous or contrary to law standard set forth in 28 U.S.C. § 636(b)(1)(A). Local Rule 303(c), (f).

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

The issue to be resolved by way of Defendants' motion for summary judgment is whether Plaintiff exhausted the administrative remedies. Here, Plaintiff's Rule 56(d) motion specifically indicated that he was in need of the confidential appeal inquiry in relation to appeal number SATF-Z-12-00236 regarding a December 28, 2011, incident involving Plaintiff and prison staff members. To the extent the non-moving party needs specific discovery to address issues in a dispositive motion, the non-moving party is entitled to seek redress. Fed. R. Civ. P. 56(d); *Albino v. Baca*, 747 F.3d 1162, 1170-1171 (9th Cir. 2014).

Defendants note in their opposition to Plaintiff's Rule 56(d) motion that "[t]he initially submitted appeal did not contain the names of any specific staff member …. Only when the confidential inquiry was conducted were staff members identified, including Defendants." (ECF No. 76, Defs.' Opp'n at 3:19-25.) Defendants contend that the contents of the confidential inquiry are irrelevant to the question of whether Plaintiff exhausted his administrative remedies because Plaintiff failed to name any specific defendant in his CDCR 602 grievance. This Court must therefore determine whether Plaintiff was required to specifically identify staff members in submitting his CDCR 602 grievance form in order to adequately exhaust his administrative remedies.

Title 15 of the California Code of Regulations ("C.C.R.") was amended effective January 28, 2011, to require that an inmate "identify all persons, issues, and information in his originally submitted CDCR 602 form in order to properly exhaust his administrative remedies." *Randolph v. Nix*, 2015 WL 5432622, *3 (E.D. Cal. Sept. 15, 2015) (citing 15 C.C.R. 3084.1(b) ("Administrative remedies shall

not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602…" and appealed through the third level.")); *Accord* 15 C.C.R. § 3084.2(a)(3) ("The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue.") The California Code of Regulations permits a plaintiff to identify prison staff using "last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue…." 15 C.C.R. § 3084.2(a)(3). However, that requirement is not absolute; an inmate who does "not have the requested identifying information … shall provide any other available information that would assist the appeals coordinator in … identify[ing] the staff member…." *Id*.

In *Randolph*, 2015 WL 5432622, the court confronted the same issue presented to this Court. Randolph, an inmate plaintiff, submitted multiple inmate grievances but in each instance failed to identify the defendant by name or even a usable description. *Id*. at *3. Rather, the plaintiff simply described the offending refusal to provide the requested medical treatment by an unnamed "facility doctor." *Id*. at *2. The *Randolph* court, in reliance on the "name all defendants" regulatory requirement, found that by describing his complaint but failing to adequately name the defendant, the plaintiff could not have exhausted his administrative remedies as to that defendant. *Id*. at *5, 8. The court went on to explain that the prison may have been on notice of the substance of the prisoner's complaint but the information contained in the 602 form "may not have been sufficient to put [the prison] on notice of [the defendant's] alleged involvement…." *Id*. at *5. Because the plaintiff did not adequately identify the defendant the plaintiff failed to administratively exhaust as to that defendant.

In *Jones v. McElroy*, 2015 WL 410928, *8 (E.D. Cal. Jan. 30, 2015), the inmate plaintiff, in an excessive force claim, identified a group of guard defendants by name but failed to identify two other guard defendants by name. The Court, drawing inferences in favor of the plaintiff, found both that (1) the plaintiff had described the incident in the most detail that he could observe or recall and (2) the plaintiff had alerted the appeals coordinator to the problem that multiple guards had used force and that others had failed to intervene. *Id*. Based on those findings, the court concluded that the plaintiff had exhausted his administrative remedies against those defendants whose roles – observers of the assault – were described but whose names were omitted. *Id*.

Finally, in *Catanzarite v. Pierce*, 2015 WL 3774285, *9 (E.D. Cal. June 16, 2015), the inmate plaintiff alleged a due process violation by a hearing committee and identified the defendants using their group title and the date of their action. The court found that the information provided, although it did not specifically name each of the defendants, contained sufficient detail to allow to the appeals coordinator to identify the conduct and the staff members involved. The court therefore concluded that the plaintiff had exhausted his administrative remedies as to committee members.

In each of those three cases, it was made clear that providing the last name, first initial, and title of the staff members involved in an inmate complaint is adequate to satisfy the naming requirement of 15 C.C.R. § 3084.2(a)(3). However, that is not the only acceptable method to adequately comply with the naming requirement; a prisoner may also provide all of the information in his possession to assist the appeals coordinator in identifying the staff members involved.

In this case, it is undisputed that Plaintiff did not identify Defendants by name. Instead, Plaintiff identified (1) the conduct at issue, excessive force; (2) the location of the conduct, SATF C-Yard, Six Block; (3) the date of the incident December 28, 2011; and (4) the group of persons involved, "ISU and CDCR Staff."  Doc. 47-5 at 6. If, based on that information, the appeals coordinator was able to identify the staff members involved in the incident, Plaintiff may have done enough to exhaust his administrative remedies.[1] Thus, the confidential appeal inquiry bears some relevance on the Defendants' motion for summary judgment. It is immaterial that Defendants disagree with any potential finding that such documentation is not sufficient to exhaust the administrative remedies as the Court cannot make such determination without a review of the actual document.[2]

---

[1] Although not central to this Court's decision, the Court would note that no part of the 602 form provided to plaintiff – which was last revised before the 2011 naming Amendment - advises plaintiff that naming defendants is required. In fact, no part of the prison's responses to Plaintiff's appeals would have informed Plaintiff that his inmate complaint had any procedural failures. Plaintiff's claim was partially granted insofar as the prison conducted an inquiry. As to the partial denial, the prison informed Plaintiff that "[i]f [he] wish[ed] to appeal the decision, [he] must submit [his] staff complaint appeal through all levels of appeal review…. Once a decision [is] rendered at the Director's Level … [his] administrative remedies would be considered exhausted." Doc 47-5 at 13. To now claim that Plaintiff's claim was flawed from the outset implicates equity considerations. *See Kaba v. Stepp*, 458 F.3d 678, 684-685 (7th Cir. 2006) (noting that failure to provide grievance forms or failures to respond to grievances can result in findings that administrative remedies are unavailable) *but see Randolph*, 2015 WL 5432622 at *7 ("Plaintiff's ignorance of [the naming requirement] does not excuse his failure to comply with the regulations.")

[2] Indeed, it is common in section 1983 cases for the confidential appeal inquiry (if relevant) to be ordered produced and reviewed in-camera by the Court.  *See*, *e.g*., *Heilman v. Wasko*, 2015 WL 1498885, *12-13(E.D. Cal. Mar. 31, 2015);

Accordingly, the Court does not find the Magistrate Judge's order of July 17, 2015, to be clearly erroneous or contrary to law under the standard set forth in 28 U.S.C. § 636(b)(1)(A). Therefore, Defendants' motion for reconsideration is DENIED, and Defendants shall provide the confidential appeal inquiry for in-camera review within **ten (10)** days from the date of service of this order.

IT IS SO ORDERED.

Dated:   September 30, 2015

SENIOR DISTRICT JUDGE

---

*Mitchell v. Haviland*, 2014 WL 271666, *2 (E.D. Cal. Jan. 23, 2014); *Lamon v. Adams*, 2013 WL 3148449, *4 (E.D. Cal. June 19, 2013).