**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN MATIAS TORRES,<br><br>           Plaintiff,<br><br>    v.<br><br>RALPH M. DIAZ, et al.,<br><br>           Defendants. | Case No.: 1:14-cv-00492-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT FERNANDEZ'S MOTION FOR JUDGMENT ON THE PLEADINGS, DEFENDANTS' EXHAUSTION-RELATED MOTION FOR SUMMARY JUDGMENT, AND PLAINTIFF'S MOTION FOR DISCOVERY AND MOTIONS TO AMEND<br><br>[ECF Nos. 47, 58, 105, 106, 107, 112, 117, 119] |

Plaintiff Juan Matias Torres is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding on Plaintiff's second amended complaint against Defendants Michael Harris, Rumulo Garza, and Y. Arnold for excessive force in violation of the Eighth Amendment, against Defendant John Doe for unreasonable search, against Defendant D. Fernandez for retaliation, and against Defendants B. Garza and M. Pallares for a due process violation.

On May 5, 2015, Defendants Harris, R. Garza, Arnold, and Pallares filed a motion for summary judgment for lack of exhaustion of the administrative remedies.[1]  (ECF No. 47.)

---

[1] Defendant B. Garza did not move for summary judgment.

1

On May 22, 2015, Defendant Fernandez filed a motion for judgment on the pleadings.  (ECF No. 58.)

On June 26, 2015, Plaintiff filed an opposition to Defendants' motion for summary judgment for lack of exhaustion.  (ECF No. 78.)  Defendants filed a reply on July 29, 2015.  (ECF No. 89.)  Plaintiff filed a surreply on September 3, 2015.  (ECF No. 98.)

On July 30, 2015, Plaintiff filed an opposition to Defendant Fernandez's motion for judgment on the pleadings.  (ECF No. 90.)  Defendant Fernandez filed a reply on September 8, 2015.  (ECF No 99.)  Plaintiff filed a surreply on October 8, 2015.  (ECF No. 103.)

On July 16, 2015, the Court granted Plaintiff's request for review of the confidential inquiry conducted by SATF staff in regard to the December 28, 2011, incident and inmate appeal, Log No. SATF-2-12-00236, and directed Defendants to submit the confidential inquiry for in camera review. (ECF No. 86.)  After Defendants' motion for reconsideration of the July 16, 2015, order was denied, Defendants submitted the confidential inquiry for in camera review on October 9, 2015.  (ECF No. 100.)

On October 22, 2015, Plaintiff filed a motion requesting additional discovery in order to oppose Defendants' motion for summary judgment relating to exhaustion.  (ECF No. 105.)

On October 30, 2015, Plaintiff filed a motion to amend the complaint and motion for protective order to stay ruling on Defendant Fernandez's motion for judgment on the pleadings.  (ECF Nos. 106, 107.)  Defendants filed an opposition to Plaintiff's motions on November 20, 2015.  (ECF Nos. 110, 111.)  Plaintiff filed a reply on December 11, 2015.  (ECF No. 115.)

Plaintiff filed a subsequent motion for leave to file an amended complaint on November 23, 2015.  (ECF No. 112.)  Defendants filed an opposition on December 14, 2015.  (ECF No. 116.)  Plaintiff filed a reply to Defendants' opposition on January 15, 2016.  (ECF No. 121.)

On January 6, 2016, Plaintiff filed a motion to amend the complaint, and a motion to add one additional page, along with a third amended complaint which was lodged by the Court.  (ECF Nos. 117-119.)  Defendants filed an opposition on January 20, 2016.  (ECF No. 122.)

///

///

## II.

## DISCUSSION

**A.       Defendant Fernandez's Motion Judgment on Pleadings**

1.       <u>Plaintiff's Motion for Additional Discovery</u>

By way of motion filed on October 22, 2015, Plaintiff seeks confidential gang validation documents regarding himself and another inmate to prepare a surreply.  (ECF No. 105.)  Plaintiff seeks this evidence to provide that his gang validation was based on false or fabricated evidence, thereby allegedly preventing the application of claim preclusion to bar his claims against Defendant Fernandez.  Defendant filed an opposition to Plaintiff's motion on November 20, 2015, and Plaintiff filed a reply on December 11, 2015.  (ECF Nos. 110, 115.)

In support of his argument Plaintiff cites <u>Awabdy v. City of Adelanto</u>, 368 F.3d 1062, 1068 (9th Cir. 2004), and argues that "collateral estoppel does not apply when the decision to hold one to answer was made on the basis of fabricated evidence or as the result of other wrongful conduct by the state or local officials."  (ECF No. 105, Mot. at 3:5-9.)  Plaintiff contends that under Federal Rule of Civil Procedure 56(d), he is entitled to the following items to oppose Defendant Fernandez's motion for judgment on the pleadings: (1) confidential source items and photographs used to validate Plaintiff as a gang member; (2) gang validation documents regarding Plaintiff's cellmate, inmate Dominguez; (3) Dominguez's inmate appeal submitted against Defendants regarding the December 28, 2011, use of force incident involving the parties; (4) a video-recorded interview between Plaintiff and correctional sergeant Coffee regarding the December 28, 2011, incident.  (<u>Id.</u> at 1-2.)

Defendant Fernandez submits that his motion was brought under Rule 12(c), which does not provide a mechanism for discovery, and Plaintiff is therefore not entitled to additional discovery.  Further, and notwithstanding the fact Defendant Fernandez's motion is fully briefed and submitted for adjudication, Plaintiff fails to establish how such discovery would affect the res judicata analysis.

First, Defendant is correct that the plain language of Federal Rules of Civil Procedure 12(c), does not provide an exception to oppose a motion for judgment on the pleadings.  Second, the ruling in <u>Awabdy</u> is not applicable here.  In <u>Awabdy</u>, the Ninth Circuit held that when a plaintiff has alleged wrongdoing as part of the probable cause determination, that determination cannot be said to be fully

and fairly litigated, and thus the determination does not have preclusive effect.  See Awabdy, 368 F.3d

at 1068.  This is so because under California law there is a long-standing principle that a decision to

hold a criminal defendant to answer after a preliminary hearing constitutes prima facie evidence or

probable cause.  Id. at 1067.  Once probable cause is determined, that determination is a final

judgment on the merits because a criminal defendant can immediately appeal the determination.

Rutledge v. Cnty. of Sonoma, No. C 07-4274 CW, 2009 WL 3075596, at *12 (N.D. Cal. Sept. 22,

2009) (citing Haupt v. Dillard, 17 F.3d 285, 288-289 (9th Cir. 1994)).  In Awabdy, the Ninth Circuit

held that collateral estoppel did not bar the plaintiff's federal suit because the basis of the state court's

probable cause determination was induced by wrongdoing.  Awabdy, 368 F.3d at 1068.  Simply stated,

the plaintiff had no full and fair opportunity to challenge the prima facie probable cause determination,

and therefore, that determination was not entitled to preclusive effect.  Id.  Plaintiff's retaliation claim

here does not fall within the holding of Awabdy.   Based on the foregoing, Plaintiff's motion for

additional discovery to oppose Defendant Fernandez's motion for judgment on the pleadings must be

denied.

> 2.   Legal Standard-Federal Rule of Civil Procedure 12(c)

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings may be granted when,

accepting as true all material allegations contained in the nonmoving party's pleadings, the moving

party is entitled to judgment as a matter of law.  Chavez v United States, 683 F.3d 1102, 1108 (9th Cir.

2012); Fed. R. Civ. P. 12(c).  The applicable standard is essentially identical to the standard for a

motion to dismiss under Rule 12(b)(6).  United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.,

637 F.3d 1047, 1055 n. 4 (9th Cir. 2011).  Thus, although the Court must accept well-pleaded facts as

true, it is not required to accept mere conclusory allegations or conclusions of law.  See Ashcroft v.

Iqbal, 556 U.S. 662, 678-679 (2009).

In ruling on a motion for judgment on the pleadings, the Court may consider documents

incorporated by reference in the pleadings and "may properly look beyond the complaint to matters of

public record" that are judicially noticeable.  Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279,

1282 (9th Cir. 1986), abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501

U.S. 104, 111 (1991); Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The Court

"need not … accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" attached to the complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

### 3.   Plaintiff's Surreply

As previously stated, Plaintiff filed a surreply to Defendant Fernandez's reply on October 8, 2015.  (ECF No. 103.)

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired.  Local Rule 230(*l*).  The Court generally views motions for leave to file a surreply with disfavor.  Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)).  However, district courts have the discretion to either permit or preclude a surreply.  See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this instance, the Court did not grant Plaintiff leave to file a surreply and does not desire any further briefing.  Accordingly, the surreply will not be considered in these findings and recommendations and should be stricken from the record.

### 4.   Allegations in Second Amended Complaint against Defendant Fernandez

In his second amended complaint, Plaintiff contends that Defendant Fernandez, Institutional Gang Investigator (IG), at California Substance Abuse Treatment Facility in Corcoran, California, validated him as an associate of the Northern Structure gang in retaliation for Plaintiff filing an inmate grievance regarding the use of force involving himself and other staff members that took place on December 28, 2011.  (ECF No. 18 at 11-13.)

In March 2012, Plaintiff contends that Defendant Fernandez served him with a gang validation package which outlined the following evidence to establish his gang membership: (1) a March 14,

2011, confidential memorandum; (2) a September 22, 2008, confidential memorandum; (3) a September 18, 2002, Santa Clara County Probation Report; and (4) a September 18, 2002, CDC 128 Chrono.  (Id. at 11-12.)  Plaintiff contends that he was not interviewed about these source items, and the items are either unreliable, fabricated, or both.  (Id. at 12-13.)  After submission of the gang validation package to the Office of Correctional Safety, Plaintiff was validated as an associate of the Northern Structure prison gang.  (Id. at 13.)  Plaintiff submits that the validation process was brought only after he exercised his right to file a staff complaint relating to the use of force on December 28, 2011.  (Id.)

     5.    <u>Analysis and Findings on Defendant Fernandez's Motion</u>

     In his second amended complaint, Plaintiff alleges that Defendant Fernandez validated Plaintiff as an associate of the Northern Structure prison gang in retaliation for exercising his First Amendment right to file prison grievances.

     Defendant Fernandez moves for judgment on the pleadings on the ground that Plaintiff's claim against him is barred by res judicata because Plaintiff fully litigated this claim in previous habeas corpus proceedings before the King County Superior Court, the Fifth District Court of Appeals, and the California Supreme Court.

     **a.**    **<u>Request for Judicial Notice and Prior State Court Habeas Proceedings</u>**

     Defendant moves for judicial notice of the following exhibits: (1) Exhibit A-Plaintiff's Petition for Writ of Habeas Corpus, <u>In re Juana Matias Torres</u>, Kings County Superior Court Case No. 10W0038B; (2) Exhibit B-Order Re: Petition for Writ of Habeas Corpus, <u>In re Juan Matias Torres</u>, Kings County Superior Court Case No. 10W0038B; (3) Exhibit C-Plaintiff's Petition for Writ of Habeas Corpus, <u>In re Juan Matias Torres</u>, California Court of Appeal for the Fifth District Case No. F067748; (4) Exhibit D-Order, <u>In re Juan Matias Torres</u>, California Court of Appeal for the Fifth District Case No. F067748; (5) Exhibit E-Plaintiff's Petition for Writ of Habeas Corpus, <u>Torres (Juan Matias) on H.C.</u>, California Supreme Court Case No. S214748; (6) Exhibit F-Docket Sheet for <u>Torres (Juan Matias) on H.C.</u>, California Supreme Court Case No. S214748.  (ECF No. 58-3, Exs. A-F.)

     Federal Rule of Evidence 201 permits the Court to take judicial notice at any time.  A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally

known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned.  Fed. R. Evid. 201(b).

Courts may take judicial notice of facts related to the case before it.  Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002).  This includes documents filed in state courts.  Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

The Court has taken judicial notice of the Exhibits A through F submitted by Defendant as such documents are appropriate for judicial notice.  (ECF No. 58-3, Exs. A-F.)

1).   Kings County Superior Court, Case No. 10W0038B

On June 7, 2013, Plaintiff filed a petition for writ of habeas corpus in the Kings County Superior Court.  (ECF No 58-3, Ex. A at 001-031.)  In the petition, Plaintiff stated that he was not challenging the basis of his criminal conviction or sentence.  (Id. at 002.)  Rather, Plaintiff alleged that he was validated as a prison gang associate and retained in the Security Housing Unit (SHU) in violation of California Penal Code section 654, that his validation was based on "false[,] unreliable and insufficient information[,]" that his validation was a violation of his due process rights, and the use of a prior, fully served criminal sentence as a source item violated Double Jeopardy.  (Id. at 003-006, 010, 012.)

Additionally, Plaintiff argued that several of the source items used to validate him should have counted as "single source" items rather than "multiple source" items.  (Id. at 003-007, 010, 012.) Plaintiff also claimed that a result of the validation he lost good time credits, received a different inmate classification, and additional time was added to his prison sentence.  (Id. at 003, 006-007.) Plaintiff further alleged that he was never given an interview by CDCR staff during the rebuttal stage of the validation process and that one of the source items used against him was plagiarized by Defendant Fernandez.  (Id. at 005-006, 010-011.)  Finally, Plaintiff attached an inmate grievance

which stated that the "IGI" validated him in response to filing a grievance regarding the December 28, 2011, incident.  (Id. at 016.)

On July 30, 2012, the trial court denied Plaintiff's petition.  (Id. at Ex. B at 032-034.)

2).    <u>Fifth District Court of Appeal, Case No. F067748</u>

On August 14, 2013, Plaintiff petitioned the Fifth District Court of Appeal for habeas relief. (Id., Ex. C. at 036-075.)  The petition was identical to the petition filed in the Kings County Superior Court, with the exception that Plaintiff mentioned the court denied it and he was filing this petition in the Fifth District.  (Id. at 044.)

3).    <u>California Supreme Court, Case No. S21478</u>

On November 18, 2013, Plaintiff filed a petition in the California Supreme Court.  (Id., Ex. E.) Plaintiff's petition was a verbatim copy of the prior petitions, with the exception of re-arrangement of some of the exhibits.  (Id.)

**b.    <u>Res Judicata</u>**

"The Federal Full Faith and Credit statute, 28 U.S.C. § 1738, requires federal courts to 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'"  <u>Gonzales v. Cal. Dept. of Corr.</u>, 739 F.3d 1226, 1230 (9th Cir. 2014) (quoting <u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 81 (1984)).  "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate," the doctrines of claim preclusion and issue preclusion "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decision."  <u>Taylor v. Sturgell</u>, 553 U.S. 880, 892 (2008) (internal quotation marks and citation omitted).  In determining the claim or issue preclusive effect of a state court judgment, the Court looks to the California standard.  <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1268 (9th Cir. 2009); <u>Intri-Plex Techs., Inc., v. Crest Group, Inc.</u>, 499 F.3d 1048, 1052 (9th Cir. 2007).

The doctrine of res judicata protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation."  <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 326 (1979).  It "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action."  <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244

F.3d 708, 713 (9th Cir. 2001).  Stated differently, "[c]laim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action."  Cell Therapeutics, Inc., v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009); accord Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action.").  Res judicata applies to section 1983 actions.  Clark v. Yosemite Community College Dist., 785 F.2d 781, 788 n.9 (9th Cir. 1986). Moreover, habeas proceedings can have preclusive effect in subsequent civil rights actions.  Silverton v. Dep't of Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981) (holding that state habeas proceedings can have issue or claim preclusive effect in subsequent § 1983 actions because the "mere difference in the form of relief" sought in the two actions is unimportant); Gonzales v. Cal. Dept. of Corr., 739 F.3d 1226, 1231 (9th Cir. 2014) (reasoned denials of California habeas petitions have claim preclusive effect).

The court applies the doctrine whenever there is: (1) a final judgment on the merits; (2) identity or privity between parties; and (3) an identity of claims.  Tahoe-Sierra Preservation, 322 F.3d at 1077. These three elements constitute a successful res judicata defense.  Id.  Each of the elements of res judicata is analyzed in turn.

    1).    Final Judgment on the Merits

Under California law, a judgment is final for res judicata purposes after resolution of an appeal.  Ewing v. Superior Court of California, 90 F.Supp.3d 1067, 1076 (S.D. Cal. 2015) (citing Sosa v. DIRECTV, Inc., 437 F.3d 923, 928 (9th Cir. 2006) (finding judgment final where there was decision on appeal as well as denial of reviewed by the California Supreme Court).

The Kings County Superior Court's decision conclusively resolved Plaintiff's challenge to the sufficiency of the evidence supporting the gang validation decision, and constitutes a final judgment on the merits.  See, e.g., Claiborne v. Zhang, No. 2:14-cv-1570 JAM DAD P, 2015 WL 1787781, at *3 (E.D. Cal. April 20, 2015).  In a reasoned decision denying state habeas, the superior court stated, in pertinent part, the following:

Petitioner challenges his May 31, 2012 validation as an associate of the Northern Structure prison gang (NS).  Petitioner was validated based upon four source items: (1) Confidential Memorandum dated 6/30/11 (Written Material – Direct Link), (2) Confidential Memorandum dated 1/5/09 (Written Material), (3) Santa Clara County Probation report dated 9/18/02 (Other Agencies), and (4) CDC 128B dated 2/21/12 (Support document for Santa Clara County Probation Report dated 9/18/02).  Petitioner administratively exhausted his claims through the Third Level of Review on November 2, 2012.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Having fully reviewed Petitioner's claims and the record, this court finds as follows:

1.      Petitioner alleges that the Respondent's reliance upon the Santa Clara County Probation report dated 9/18/02, is in violation of California Penal Code Section 654.  Petitioner's argument is without merit as Section 654 does not bar the Department's reliance upon Petitioner's prior conduct as a basis upon which to impose validation under California Code of Regulations, title 15, section 3378.  California Penal Code Section 654 addresses multiple criminal sentences, not administrative determinations.

2.      Petitioner also contends that the Confidential Memorandum dated 1/5/09 (Written Material) is insufficient because it was not established that he was the author of the material and there has been articulated connection between him and the creation of the roster source item.  The discovered document, however, included Petitioner's name, CDCR number, gang moniker, hometown, and date of birth.  As to whether such document may qualify as source items for purposes of California Code of Regulations, title 15, section 3378, the court in In re Fernandez (2013) 212 Cal.App.4th 1199, stated: It is reasonable to infer that a gang roster is used to facilitated communication within the gang, and the use of written material is not circumscribed by the need for the material itself to show *specific* gang acts.  The regulation refers to "[a]ny material or documents evidencing gang activity such as the membership or enemy lists, constitutions, organizational structures, codes, training material, etc., of specific gangs." (§ 3378, subd. (c)(8)(C).) … If prison officials uncover a roster describing inmates involved with the gang, we conclude that such a roster is consistent with the relevant evidentiary requirements.  Such a roster is a valid source item evidencing an inmate's gang association and broadly supporting an inference that the inmate is involved in gang activity notwithstanding the lack of information with respect to specific acts or conduct.

3.      The California Court of Appeal, Fifth Appellate District has accepted the Department's definition of a "direct link" as "encompassing a connection [(i.e., the link)] that is " 'without interruption or diversion' and 'without any intervening agency of step.'" (In re Cabrera, supra, 55 Cal.4th at p. 690.)" (In re Cabrera (2013) 216 Cal.App.4th 1522, 1534-1535.)  A reciprocal (i.e., mutual or two-way) interaction between an inmate and a validated gang affiliate, is not required.  (In re Cabrera (2012) 55 Cal.4th at pp. 691-692.)  In this case, the March 14, 2011 document was found to be in the possession of a validated member of the NS, "containing gang related information pertaining to the prison gang known as the Northern Structure" and

10

including "the name, CDCR number, gang moniker, hometown, and date of birth (DOB) of [Petitioner] …"  It is the possession of such communication by a validated SN gang member which differentiates this source item from the Confidential Memorandum dated 1/5/09 discussed above, and qualifies the same as a "direct link" for purposes of California Code of Regulations, title 15, section 3378.  This court finds no abuse of discretion in Respondent's characterization.

4.      Petitioner's placement within the Security Housing Unit is in accord with California Code of Regulations, title 15, section 3341.5, subdivision (c)(2)(A)(2).

Based upon the foregoing, IT IS HEREBY ORDERED, the petition is denied.  (See, <u>People v. Duvall</u> (1995) 9 Cal.4th 464, 474.)

(ECF No. 58-3, Ex. B, at 032-034.) (footnotes omitted) (emphasis in original).

The Fifth District Court of Appeal and the California Supreme Court both subsequently denied the petitions.   Accordingly, Plaintiff's habeas corpus judgment is a final decision on the merits.  <u>See, e.g.</u>, <u>Steed v. King</u>, No. CV 13-1592-ASH (OP), 2014 WL 1383953, at *5 (C.D. Cal. Feb. 26, 2014) (superior court's denial of habeas petition, followed by denials from the California Court of Appeal and California Supreme Court constituted final decisions on the merits).

2).      <u>Identity or Privity Between Parties</u>

Next, both cases must involve the same parties or those in privity.   "[P]rivity requires the sharing of 'an identity or community of interest,' with 'adequate representation' of that interest in the first suit, and circumstances such that the nonparty 'should reasonably have expected to be bound' by the first suit." <u>DKN Holdings LLC</u>, __ P.3d at __, 2015 WL 4182820, at *6 (<u>quoting Clemmer v. Hartford Insurance Co.</u>, 22 Cal.3d 865, 875, 151 Cal.Rptr. 285, 587 P.2d 1098 (Cal. 1978)).   "A nonparty alleged to be in privity must have an interest so similar to the party's interest that the party acted as the nonparty's 'virtual representative' in the first action."   <u>Id.</u> (citing <u>Gottlieb v. Kest</u>, 141 Cal.App.4th 110, 150, 46 Cal.Rptr.3d 7 (Cal. 2006)) (internal quotation marks omitted).

Plaintiff's habeas petition was brought against Warden Connie Gibson.  (ECF No. 58-3, Ex. A at 002.)  However, several individuals are identified as "prison staff" who were involved in Plaintiff's gang validation.  (<u>Id.</u> at 010.)  Plaintiff specifically names "I.G.I. prison guard D. Fernandez" (Defendant here) as the person who validated him.  (Id. at 011.)   Even if Plaintiff's petition is construed with strict construction as Warden Gibson being the only party sued, Defendant Fernandez

is in privity with her.  Both Warden Gibson and Defendant Fernandez were employed by CDCR during the time of the events at issue, and both cases involve the same challenge to gang validation of Plaintiff.  See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (privity exists between different individuals employed by the same government agency) (citing Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940)); see also Hutchison v. California Prison Indus. Auth., No. 13-cv-04635-CW, 2015 WL 179790, at *3-4 (N.D.Cal. Jan. 14, 2015) (privity existed between state prison system employees who were employed by same state agencies and engaged in the same conduct).  Accordingly, there is privity between the parties.

3).   Identity of Claims

California courts employ a "primary rights theory," under which a cause of action is comprised of a primary right of the plaintiff, a corresponding primary duty of the defendant, and a wrongful act by the defendant constituting breach of that duty.  Gonzales, 739 F.3d at 1232-33 (citing Brodheim, 584 F.3d at 1268 and Crowley v. Katleman, 8 Cal.4th 666, 34 Cal.Rptr.2d 386, 881 P.2d 1083, 1090 (Cal. 1994)) (quotation marks omitted).  "If the two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery."  Gonzales, 739 F.3d at 1232-33 (citing Brodheim, 584 F.3d at 1268 and Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 197 Cal.Rptr. 612, 614 (Cal. 1983)) (internal quotation marks omitted).

California also precludes claims which could have been raised in a prior judgment.  "If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it could have bene raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged."  Sutphin v. Speik, 15 Cal.2d 195, 202 (1940).  "The reason for this is manifest.  A party cannot by negligence or design withhold issues and litigate them in consecutive actions."  Id.; see also Federal Home Loan Bank of San Francisco v. Countrywide Financial, 214 Cal. App. 4th 1520, 1529 (2013).

Here, Plaintiff's § 1983 and prior habeas corpus actions invoke the same primary right, and Plaintiff's claim under the First Amendment is barred.  Both the habeas petition and the second

12

amended complaint allege that Defendant Fernandez validated Plaintiff as an associate of the Northern Structure prison gang based on questionable source documents, which led to him being housed in the SHU.  (ECF No. 18 at 4, 11-13; ECF No. 58-3, Ex. A at 003-007, 011-012.)  The only difference between the two suits is that Plaintiff now alleges that his gang validation was in retaliation for Plaintiff's filing of an inmate grievance over the December 28, 2011, incident.  (ECF No. 18 at 13.)  However, both actions arise from the set of facts or transactions from which the injury arose.  As Defendant submits, upon close examination of the second amended complaint (the operative complaint in this action) and the habeas corpus petition, both actions contain numerous similarities and establish the same types of injuries or harm suffered, as well as the same facts or transactions, which include the following:

- The gang validation led to Plaintiff being housed in the SHU, with all of its limited privileges.  (ECF No. 18 at 11; ECF No. 58-3, Ex. A at 003.)

- In both proceedings, Plaintiff wanted his validation expunged from his record, and to be released from the SHU.  (ECF No. 18 at 32-35; ECF No. 58-3, Ex. A. at 013.)

- Some of the source items used to validate Plaintiff should not have counted as "multiple source" items.  (ECF No. 18 at 12-13; ECF No. 58-3, Ex. A at 003-007, 010, 012.)

- The loss of good time credits as a result of the gang validation.  (ECF No. 18 at 14; ECF No. 58-3, Ex. A at 003.)

- The gang validation violated the Double Jeopardy Clause.  (ECF No. 18 at 14; ECF No. 58-2, Ex. A at 003, 006, 010, 012.)  Specifically, Defendant Fernandez's reliance on "Santa Clara County Case # EE117692" referred to a criminal sentence Plaintiff had already served, and that Defendant Fernandez should not have used it as a source item.  (Id.)

- The gang validation placed Plaintiff on "P2-P" status, and added additional time to his prison sentence.  (ECF No. 18 at 14; ECF No. 58-3, Ex. A at 003, 006-007.)

- Plaintiff was not given an interview during the rebuttal stage of his gang validation process.  (ECF No. 18 at 12; ECF No. 58-3, Ex. A at 005, 010-011.)  While Plaintiff

13

1    alleges that "prison staff" did not interview him, the second amended complaint

2    identifies that staff member as Defendant Fernandez.  (Id.)

3    ●    Defendant Fernandez plagiarized a CDCR 128-B Chrono dated February 21, 2012, and

4         used it as a source item to validate Plaintiff.  (ECF No. 18 at 12-13; ECF No. 58-3, Ex.

5         A at 006.)

6    Accordingly, the two cases involve the same primary right and are therefore the same cause of

7    action, notwithstanding the different legal theories asserted.  Gonzales, 739 F.3d at 1232-33.  The

8    Court finds that Defendant Fernandez has met his burden that Plaintiff's claim of retaliation is barred

9    based on the judgment in the state habeas corpus proceedings, and Defendant Fernandez's  motion to

10   dismiss this claim should be granted.

11     6.    Motions to Amend Complaint and Request to Stay Proceedings

12   As previously stated, on October 30, 2015, Plaintiff filed a motion to amend the complaint,

13   along with a request to stay the proceedings. (ECF Nos. 106, 107.)  Defendant filed an opposition to

14   Plaintiff's motions on November 20, 2015.  (ECF No. 111.)  Plaintiff filed a reply on December 11,

15   2015.  (ECF No. 115.)

16   Plaintiff filed a subsequent motion for leave to file an amended complaint on November 23,

17   2015.  (ECF No. 112.)  Defendants filed an opposition on December 14, 2015.  (ECF No. 116.)

18   Plaintiff filed a reply on January 15, 2016.  (ECF No. 121.)

19   On January 6, 2016, Plaintiff filed a motion to amend the complaint, and a motion to add one

20   additional page, along with a proposed third amended complaint which was lodged by the Court.

21   (ECF Nos. 117-119.)

22   In his initial motion to amend, Plaintiff states that he was seeking to amend the complaint to

23   eliminate the basis for Defendant Fernandez's motion for judgment on the pleadings.  (ECF No. 106.)

24   Plaintiff specifically requested to eliminate the "injunctive relief" from the operative complaint. (Id.)

25   In his second motion for amend the complaint, filed November 23, 2015, Plaintiff sought leave to

26   amend to identify the "Doe" defendant as Michael Harris and to substitute such individual.  (ECF No.

27   112.)  It was not until January 6, 2016, along with Plaintiff's third motion to amend the complaint that

28   Plaintiff submitted a proposed third amended complaint.  (ECF Nos. 117-118.)

Plaintiff's motions to amend should be granted in part and denied in part.  With regard to Plaintiff's claim for amendment to eliminate the basis of Defendant Fernandez's motion for judgment in pleadings by way of eliminating the claim for injunctive relief, such amendment would be futile and would not save his claim from dismissal based on res judicata.  Contrary to Plaintiff's claim, a state-court decision precludes identical issues form being relitigated in a subsequent § 1983 action. Silverton v. Dep't of Treasury of U.S. of Am., 644 F.2d 1341, 1347 (9th Cir. 1981) ("The mere difference in the form of relief is unimportant); see also Hawkins v. Risley, 984 F.2d 321, 325 (9th Cir. 1993) (holding prior habeas action precluded subsequent section 1983 claim despite fact plaintiff sought different forms of relief in the two actions).  Accordingly, amendment to delete the injunctive relief will not defeat Defendant Fernandez's motion for judgment on the pleadings and amendment on this ground is futile.

With respect to Plaintiff's claim to amend the complaint to identify the "John Doe" in relation to his unreasonable search claim, Plaintiff's motion to amend should be granted and Defendant Michael Harris should be substituted in place of "John Doe" with respect to the claim in the second amended complaint related to the unreasonable search.  When a plaintiff learns of the identity of a Doe defendant through discovery or other means, he may move to file an amended complaint to add the newly-named defendant.  Brass v. County of Los Angeles, 328 F.3d 1192, 1195-1198 (9th Cir. 2003); see also Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (plaintiff should be given opportunity through discovery to identify the unknown defendants).  Failure to afford a plaintiff such opportunity is error.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  Thus, the Court should grant Plaintiff's motion to amend the second amended complaint to substitute Defendant Michael Harris as the "Doe" Defendant who conducted an unreasonable search of Plaintiff on December 28, 2011.  The Court rejects Defendants' argument that Plaintiff has failed to make a sufficient showing that Michael Harris was the "Doe" Defendant responsible for the alleged unreasonable search.  There is no requirement, at the pleading stage, that Plaintiff demonstrate anything more than the identity of the individual for which he seeks relief for an alleged constitutional violation, and Plaintiff's claim for an unreasonable search is cognizable at this point in time.

Lastly, with regard to the proposed third amended complaint lodged on January 6, 2016, the complaint is 94 pages long (whereas Plaintiff's second amended complaint is 38 pages),[2] adds several new defendants and claims, and upon a cursory review some of which appear to have been previously dismissed from the action for failure to state a cognizable claim. (*compare* ECF No. 19 *with* ECF No. 118.) Plaintiff's proposed third amended complaint violates Federal Rule of Civil Procedure 8 notice requirement. Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002). The Court will not expend its judicial resources to weed through Plaintiff's 94 page amended complaint to determine if amendment is appropriate at this juncture. Accordingly, Plaintiff's motion to amend should be denied without prejudice to refiling by way of a proposed amended complaint (not to exceed 25 pages in length) that complies with Rule 8.[3]

### B.    Defendants' Exhaustion Related Motion for Summary Judgment

Defendants R. Garza, Pallares, Arnold, and Harris move for summary judgment for Plaintiff's failure to exhaust the administrative remedies as to the claims against them.

#### 1.    Summary Judgment Legal Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P.

---

[2] In addition, Plaintiff's original complaint filed in this action consisted of 10 pages, and the first amended complaint consisted of 36 pages. (ECF Nos. 1, 9.)

[3] In making this recommendation, the Court expresses no opinion as to any future ruling on a motion to amend.

16

56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

As set forth above, the defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172.  If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Id.  "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  Id. at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts."  Id.

In arriving at this recommendation, the Court has carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties.  Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection.  This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

2.   Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166.  "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  Albino, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  Id.

Defendants must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy.  Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing Albino, 747 F.3d at 1172) (quotation marks omitted).  The burden then shifts to Plaintiff to show that something in his particular case made the existing and generally available administrative remedies effectively unavailable to him.  Williams, 775 F.3d at 1191 (citing Albino, 747 F.3d at 1172) (quotation marks omitted).  The ultimate burden of proof on the issue of exhaustion remains with Defendants.  Id. (quotation marks omitted).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  The administrative grievance process is initiated upon an inmate filing an Inmate/Parolee Appeal Form 602.  Id.  The administrative grievance process has three levels of review.  Id. at § 3084.7.  The first formal level of the inmate grievance process is usually conducted by the prison's Appeals Coordinator.  Id. at § 3-8045(b).  Since January 28, 2011, an inmate must file his administrative appeal at the first level within thirty calendar days after an alleged incident and must list all staff members involved.  Cal. Code Regs. tit. 15, §§ 3084.2(a)(3), 3084.8(b).  If the grievance is not resolved at the first level, the inmate may seek review at the second level.  Id. §§ 3084.7(b), 3084.7(d)(2).  If the inmate remains dissatisfied with the second level decision, he may seek a decision at the third and final level of review by the CDCR's Director or the Director's designee.  Id. §§ 3084.7(c), 3084.7(d)(3).  In order to exhaust available remedies, a prisoner must generally proceed through the available levels of review to and including the director's level (i.e., third level).  Id. § 3084.1(b).

3).     Allegations of Second Amended Complaint

With regard to the claims against Defendants Harris, R. Garza, and Arnold, Plaintiff alleges that on December 28, 2011, Defendants Harris and R. Garza approached Plaintiff's cell to search for contraband.  (ECF No. 18 at 5.)  The day prior, Defendants observed Plaintiff's cellmate swallow unknown contraband in one of the prison's visiting rooms.  (Id.)  Harris and Garza conducted a cell search of Plaintiff's and inmate Dominguez's cell.  As Harris and Garza entered the cell, Plaintiff was exercising and listening to music and could not hear what anyone was saying.  (Id.)  Harris and Garza began to pepper spray Plaintiff and hit him on his arms with their batons.  Plaintiff was never given the opportunity to understand what was going on.

Plaintiff attempted to step outside of his cell, but was shot at by Defendant Arnold with a forty-millimeter block gun from his elevated position in the control tower.  (Id.)  Defendant Arnold's first shot missed Plaintiff.  (Id.)  Plaintiff stepped back to avoid Defendant Arnold's shot, and Defendants Harris and R. Garza began spraying him with OC spray again.  (Id.)

There were approximately ten to twenty correctional officers gathered at Plaintiff's cell, and after a period of time, Plaintiff began backing out of his cell door with his hands up.  (Id. at 6.)  Defendant R. Garza then grabbed Plaintiff and threw him on the ground, causing him to land on his stomach.  (Id.)  There were three to six correctional officers either on top of or standing around Plaintiff, including Defendants Harris and Garza.  (Id.)  Plaintiff was then handcuffed with his hands behind his back, and hogtied.  (Id.)  While Plaintiff was handcuffed on the floor he received a finger to his eye by an unknown correctional officer, was punched several times in the head by Defendant Harris, and an unknown correctional officer attempted to pull off his boxer shorts to leave him naked.  (Id.)

As to Defendant Pallares, on August 9, 2012, Defendant B. Garza (who is not moving for summary judgment) interviewed Plaintiff in connection with his Rules Violation Report (RVR) hearing regarding the December 28, 2011, incident.  (ECF No. 18 at 16.)  Plaintiff was charged with battery on a peace officer with a weapon.  (Id.)  Defendant B. Garza was assigned to Plaintiff's RVR hearing as an Investigative Employee (IE).  (Id.)  An IE is assigned at a prisoner's request for a rules violation to assist inmate by questioning witnesses on the inmates' behalf, and present evidence to the

19

Senior Hearing Officer (SHO) at the RVR hearing.  (Id.)  On August 9, 2012, Plaintiff provided Defendant B. Garza a statement regarding the December 28, 2011, incident and questions to present to staff and inmate witnesses.  (Id.)

On August 30, 2012, Defendant B. Garza issued Plaintiff a copy of the "IE report" and Plaintiff noticed that Defendant failed to interview witness Vasquez.  (Id.)  Defendant B. Garza stated the inmate witness was longer incarcerated at SATF.  However, Plaintiff believes that inmate Vasquez transferred to another CDCR facility, and Defendant B. Garza could have called him and conducted a phone interview.  (Id.)  Defendant B. Garza also left out key points of inmate witness Garza without justification.  (Id.)  Plaintiff contends the actions by B. Garza were done in retaliation to protect her colleagues and her actions were motivated by prejudice.  (Id. at 16-17.)

In sometime September/October 2012, Plaintiff appeared at his RVR hearing regarding the December 28, 2011, incident, with Defendant Pallares acting as the SHO.  (Id. at 17.)  Plaintiff pointed out the inadequacies of the IE report, but Defendant Pallares allowed the IE report into evidence, along with other allegedly falsified reports from witnesses to the December 28, 2011 incident.  (Id.)  Plaintiff was found guilty of a lesser offense.  (Id.)  Plaintiff contends that Defendant Pallares denied his due process rights to question inmate witnesses and present their testimony.  (Id.)

4).   Analysis and Findings on Motion

Defendants argue that Plaintiff failed to exhaust the administrative remedies because Defendants Harris, R. Garza, and Arnold were not specifically identified in Plaintiff's initially submitted appeal, and were only identified afterwards, which is not proper exhaustion.  Defendant Pallares also argues that he was not specifically identified in the inmate grievance Plaintiff claims addresses the deficiencies of the RVR hearing, nor are any of the procedural deficiencies identified in the second amended complaint.  (ECF No. 47-2.)

Plaintiff argues that acceptance of his appeal implied that prison officials found it sufficient to withstand screening, and because it was a staff complaint the appeal would have been accepted notwithstanding any shortcomings.  Plaintiff also argues that by signing a Rights and Responsibilities Statement, prison officials knew exactly who each Defendant was, thereby exempting him from identifying them in the appeal.  Plaintiff further argues that his appeal regarding the RVR hearing was

20

sufficient to exhaust his due process claim against Defendant Pallares, and the appeal was processed and addressed at every level of review.

In response, Defendants Harris, R. Garza, and Arnold argue that Plaintiff did not specifically identify them in Log No. SATF-Z-12-00236 as required by Title 15 of the California Code of Regulations Section 3084.2(a)(3), and merely describing them as "I.S.U. and CDCR staff" does not comply with Title 15's requirement for specific information.  Defendants further argue that the fact that Defendants were subsequently identified after Plaintiff submitted Log No. SATF-Z-12-00236 is not proper exhaustion.  Defendants further argue that the fact the appeal was not screened out as deficient does not create a genuine issue of material fact.  Defendants also claim that the signing of the Rights and Responsibility Statements are not a normal part of the staff complaint process.  Defendant Pallares argues that Plaintiff did not explicitly raise the issue of Pallares, acting as SHO, knowingly relied on false evidence to find him guilty of a rules violation.

As an initial matter, Defendants raised objections to every exhibit attached to Plaintiff's opposition. With respect to objections in general, the Court notes that "[a]t summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Block v. City of Los Angeles, 253 F.3d 410, 418-419 (9th Cir. 2001) (internal quotations omitted).  The focus is on the admissibility of the evidence's contents, not its form.  Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 846 (9th Cir. 2001); Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003); Cheeks v. General Dynamics, 22 F.Supp.3d 1015, 1027 (D. Ariz. 2014).  Defendants are advised that it is not the practice of this Court to rule on evidentiary matters individually in the context of summary judgment, unless otherwise noted; and therefore, the Court declines to address each objection.  See Capital Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010).  Furthermore, Defendants' objections as to lack of authentication is particularly questionable, given that the exact copies of such inmate appeals were submitted in support of their motion for summary judgment.  Defendants are advised to exercise caution in presenting evidentiary objections and mere boilerplate objections only serve to waste judicial resources and hinder efficient resolution of pending motions.  The Court will

1    only rule on those objections as to the evidence that is actually considered by the Court in reaching the

2    recommendation herein.

3         It is undisputed that an administrative grievance process existed at SATF, and Plaintiff was

4    aware of such process. (ECF No. 78, Opp'n at 4-5.)  Thus, the issue to be resolved herein is whether

5    Plaintiff exhausted the administrative remedies as to his claim of excessive force against Defendants

6    Harris, R. Garza, and Arnold, and whether Plaintiff exhausted his due process claim against Defendant

7    Pallares.

8         Defendants present evidence that Plaintiff submitted several custody appeals between

9    December 28, 2011, and August 7, 2014.  More specifically, Plaintiff exhausted a total of four appeals

10   between December 28, 2011 and August 7, 2014, however, only two of such appeals concern the

11   incidents at issue in the instant motion, i.e. Log No. SATF-Z-12-00236 and Log No. SATF-Z-12-

12   04996.[4]  (ECF No. 47-4, Declaration of M. Hildreth (Hildreth Decl.), ¶ 11; ECF No. 47-7, Declaration

13   of M. Voong (Voong Decl.), ¶ 9; ECF No. 47-12:13, Declaration of Erick J. Rhoan (Rhoan Decl.), Ex.

14   Z .)  Based on the following analysis, the Court finds that Log No. SATF-Z-12-00236 and Log No.

15   SATF-Z-12-04996, are dispositive to Defendants' motion for summary judgment for lack of

16   exhaustion, and the Court will not and need not address the other grievances filed by Plaintiff.

17        a).    **Log Number SATF-Z-12-00236**

18        Plaintiff submitted Log. No. SATF-Z-12-00236, grieving the December 28, 2011 incident.

19   (Voong Decl., Ex. O.)  Plaintiff specifically stated the following:

20        On 12-28-11 on SATF C-Yard Six Block I was a victim of excessive force by I.S.U.

21   [Investigative Services Unit] and CDCR staff which led me to great bodily injury and to be

22   hospitalized.  Plaintiff requested that all I.S.U. and CDCR staff responsible be held accountable for

23   their actions and punished accordingly.  Plaintiff did not attach supporting documents and noted "[i]t

24   is all booked in as evidence."

25   (Voong Decl. Ex. O.)

26   _____

27   [4] Because this motion for summary judgment pertains only to Defendants Arnold, Harris, R. Garza, and Pallares, Log No.
     SATF-Z-12-03012 regarding Plaintiff's gang validation need not and will not be addressed.  (Voong Decl., Ex. Q.)  In

28   addition, Log No. SATF-Z-12-00563 relating to deprivation of property is not relevant to any claims in this action and will
     not be addressed herein.  (Voong Decl., Ex. P.)

1    The appeal was processed as a staff complaint.  (Id.; Hildreth Decl., ¶ 11.)

2    At the first level of review, it was specifically noted that Plaintiff "did not provide this

3    interviewer [correctional sergeant M. Ramirez] with witness names and/or the identity of the staff

4    member(s) who use the alleged excessive force during the incident."  (Voong Decl., Ex. O.)  It was

5    noted that a confidential inquiry was conducted and included among the witnesses interviewed were

6    R. Garza, M. Harris, and Y. Arnold.  (Id.)

7    At the second level of review, it was noted that "M. Ramirez, Correctional Sergeant

8    interviewed [Plaintiff] on January 25, 2012.  [Plaintiff] reiterated the contends of [his] appeal and

9    stated that staff falsified their reports because there is no way that [he] could have done what

10   documented.  [Plaintiff] also stated that medical staff told [him] that [he] would be fine and provided

11   [him] with pain medication.  That concluded the interview."  (Id.)    It was also noted that a

12   confidential inquiry was conducted and the Defendants R. Garza, M. Harris, and Y. Arnold were listed

13   among the officers who were questioned.  (Id.)

14   The appeal was denied at the third and final level of review on July 13, 2012, finding it was

15   properly determined that Plaintiff's allegations were reviewed and evaluated by administrative staff

16   and an appeal inquiry was completed at the second level of review.  (Id.)

17   Defendants submit that on January 25, 2012, Plaintiff was interviewed by Sergeant M.

18   Ramirez, and Plaintiff claimed that the correctional officers falsified their incident reports to justify

19   their use of excessive force.  (Hildreth Decl., ¶ 11, Ex. B; Voong Decl., ¶ 9, Ex. O.)  In opposition,

20   Plaintiff states he filed the instant appeal in an expedient fashion in order to meet the time frame

21   specified in section 3084.6(b)(3), and at that time Plaintiff did not know the names of any of the

22   Defendants and was not familiar with any of them at the time of the incident.  (ECF No. 78, Opp'n at

23   13-14.)  Plaintiff explains that he clearly stated the grievance involved "excessive force," the date and

24   location of the incident, and the job titles of the alleged individuals involved in the incident.  (Id. at

25   14.)

26   Defendants' argument that Plaintiff did not properly exhaust the administrative because

27   Defendants were not specifically identified by name is rejected.  Contrary to Defendants' argument,

28   the fact that Plaintiff described the Defendants as "I.S.U." and CDCR staff and the fact that the

grievance was reviewed through the final level of review are sufficient to exhaust the administrative remedies as to his claim of excessive force against Defendants Harris, R. Garza, and Arnold.

On January 12, 2016, the Ninth Circuit addressed an inmate's failure to identify a Defendant by name in an inmate grievance and found that such defect did not preclude a finding of proper exhaustion. Reyes v. Smith, __ F.3d __, No. 13-17119, 2016 WL 142601 (Jan. 12, 2016). In Reyes, the plaintiff filed an inmate grievance challenging a change in his prescription medication. Although Plaintiff named one doctor as responsible for the determination, Plaintiff did not name the two doctors who were the named Defendants in the civil rights action and referenced only the "pain management committee." The Court held that although Plaintiff's grievance was "potentially procedurally flawed" because he did not name the responsible individuals, it found that since "prison officials address[ed] the merits of [the] prisoner's grievance instead of enforcing a procedural bar, the state's interest in administrative exhaustion [were] served." Id. at *2. It was specifically concluded that "[w]hen prison officials opt not to enforce a procedural rule but instead decide an inmate's grievance on the merits, the purposes of the PLRA exhaustion requirement have been fully served: prison officials have had a fair opportunity to correct any claimed deprivation and an administrative record supporting the prison's decision has been developed." Id. at *3 (citing Porter v. Nussle, 534 U.S. 516, 525 (2002).) The holding in Reyes applies equally here, and Defendants' argument that Plaintiff failed to exhaust because he referenced only the I.S.U. and CDCR staff as responsible and did not specifically name each of the Defendants must be rejected. Furthermore, the identity of the Defendants was disclosed and/or discovered during the confidential inquiry relating to Plaintiff's grievance in Log No. SATF-Z-12-00236, and the plain reading of the applicable regulations specifically allows for later identification if the inmate, as Plaintiff submits here, does not have the names.[5] Cal. Code Regs. tit. 15, § 3084.2(a)(3). Accordingly, the Court recommends that Defendants' motion for summary judgment for failure to exhaust the administrative remedies as to Plaintiff's claim of excessive force against Defendants Harris, R. Garza, and Arnold be denied.

///

---

[5] See Confidential Appeal Inquiry relating to Log No. SATF-Z-12-00236, submitted for in camera review and filed under seal. (ECF Nos. 104, 120.)

### b).    Log No. SATF-Z-12-04996

Defendant Pallares argues that Log No. SATF-Z-12-04996, did not place prison officials on notice of the alleged due process violation presented in the second amended complaint.  As previously stated, Plaintiff is proceeded on a due process claim against Defendant Pallares for failure to present witness statement and admission of false evidence at the rules violation hearing.

Under the PLRA, a grievance "suffices if it alerts the prison to the nature of the wrong for which redress is sought." Reyes v. Smith, 2016 WL 142601, at *4 (citing Sapp v. Krimbell, 623 F.3d 813, 824 (9th Cir. 2010) and quoting Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).)  The grievance "need not include legal terminology or legal theories," as "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Reyes v. Smith, 2016 WL 142601, at *4 (quoting Griffin, 557 F.3d at 1120).

In Log No. SATF-Z-12-04996, Plaintiff stated the following:

> Regarding CDC 115 Log # C-11-12-041" for my 115 hearing as well as to my I/E I had requested that Inmate Vasquez (F64143) be interviewed as a Inmate Witness and I had asked if Inmate Vasquez was no longer at this Institution and moved to another Institution I asked that he be interviewed by phone/speaker phone per CCR § 3315(e). Inmate Vasquez as a witness was not only necessary but Inmate Vasquez would also provide additional and relevant information to mitigate or dismiss the charge and my right to call Inmate Witness should not be denied CCR § 3315(A)(1)(2)(3) and Inmate Vasquez was in clear view of said incident and show that C/O Harris and C/O Garza are lying not only was it only clear that C/O Harris & C/O Garza are lying but I.S.U. [Sergeant] Bejarano states 'I only move my hands in order to block strikes from C/O Harris & C/O Garza lie to justify their scandalous actions and my I.E. had failed to investigate on my behalf properly.  And my statements in said 115 hearing should be viewed as fact.

(Voong Decl., Ex. R.)  As relief, Plaintiff requested the dismissal of the RVR.  (Id.)

The first level of review was bypassed.  (Id.)  The appeal was denied at the second and third levels of review.  (Id.)  At the third level of review, Plaintiff's argument was summarized as a challenge to the SHO [Defendant Pallares] improper finding of guilt.  More specifically, "[t]he appellant asserts he was denied Inmate Vasquez, F64143 as a witness by phone based upon his transfer to another institution.  The appellant contends that Inmate Vasquez would have provided additional relevant information to mitigate or dismiss the charge.  The appellant asserts the

Investigative Employee (IE), Correctional Officer (CO) B. Garza, had failed to properly investigate on his behalf.  The appellant contends that his statements in the RVR hearing should be viewed as fact. The appellant requests for the RVR to be dismissed."  (Voong Decl., Ex. R.)  In denying the appeal at the third level of review, it was noted, in relevant part, "[t]he TLR finds the appellant was provided appropriate due process and administrative protections in the adjudication of the RVA, and the SHO's finding is consistent with the evidence and substantiates the charge to a preponderance threshold." (Id.)  In addition, the second level review decision concluded that Plaintiff "failed to provide any additional information or evidence at the SLR [second level review) to modify the hearing officials [Defendant Pallares's] finding of guilty.  (Id.)

Here, unlike in Sapp, where the complaint related to lack of treatment for one medical condition did not necessarily put the prison on notice of the necessity to investigate whether the inmate was receiving proper treatment for an unrelated medical condition, here, Plaintiff's grievance in Log No. SATF-Z-12-04996 gave the prison sufficient facts to investigate whether there were any due process violations and/or improper evidence to support the finding of guilty by SHO Defendant Pallares relating to the subject RVR.  By reference to the RVR, prison officials plainly knew that SHO Defendant Pallares had found Plaintiff guilty of the RVR.  Thus, based on the evidence in the record, the Court rejects Defendant Pallares's argument this appeal was insufficient to exhaust Plaintiff's due process claim against him, and summary judgment for failure to exhaust this claim should be denied.

**III.**

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Plaintiff's motions to amend should be GRANTED in part and DENIED in part;

2.      Plaintiff's motion to discovery and to stay the proceedings should be DENIED;

3.      Defendant Fernandez's motion for judgment on the pleadings be GRANTED; and

4.      Defendants' motion for summary judgment for lack of exhaustion of the administrative remedies be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after

being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 29, 2016**

UNITED STATES MAGISTRATE JUDGE