UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MATIAS TORRES,<br><br>                Plaintiff,<br><br>        v.<br><br>RALPH M. DIAZ, et al.,<br><br>                Defendants. | No.: 1:14-cv-00492-DAD-SAB (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT FERNANDEZ'S MOTION FOR JUDGMENT ON THE PLEADINGS IN PART AND DENYING IN PART, DENYING DEFENDANTS' EXHAUSTION-RELATED MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR DISCOVERY AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO AMEND<br><br>(Doc. Nos. 47, 58, 105, 106, 107, 112, 117, 118, 119, 123, 139, 141) |

Plaintiff Juan Matias Torres is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On February 1, 2016, the assigned magistrate judge issued findings and recommendations recommending that: plaintiff's motion to amend be granted in part and denied in part, plaintiff's motion for additional discovery and a stay be denied, defendant Fernandez's motion for judgment on pleadings be granted and defendants' motion for summary judgment on the grounds that plaintiff had failed to exhaust his administrative remedies prior to filing suit be denied.  (Doc. No. 123.)  Those findings and recommendations were served on the parties and contained notice

1

1  that objections were to be filed within thirty days.  (Id.)  After receiving an extension of time to do so,
2  plaintiff filed his objections to the findings and recommendations on March 30, 2016, and defendants
3  filed a response on April 13, 2016.  (Doc. Nos. 129, 130.)  On May 23, 2016, the court granted
4  plaintiff's request to re-submit his objections and to reply to defendants' response with additional
5  arguments.  (Doc. No. 142.)  In his objections, plaintiff contest only the recommendations that his
6  motion to amend be denied and that defendant Fernandez's motion for judgment on the pleadings be
7  granted.  (Doc. No. 139 at 1.)
8      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a de
9  novo review of this case.  Having carefully reviewed the entire file, including plaintiff's objections,
10 the court finds the findings and recommendations to be supported by the record and by proper
11 analysis, except as discussed below.
12 **I.     <u>Defendant Fernandez's motion for judgment on the pleadings</u>**
13     In Section II(A)(5)(b) of the findings and recommendations, the assigned magistrate judge
14 recommends granting defendant Fernandez's motion for judgment on the pleadings, concluding that
15 plaintiff's claims against defendant Fernandez are barred by res judicata based on a judgment entered
16 in a prior habeas proceeding initiated by plaintiff in state court.  (Doc. No. 123 at 8–14.)
17     Plaintiff objects to that recommendation for a number of reasons.  First, plaintiff reiterates his
18 arguments made in opposition to defendant Fernandez's motion for judgment on the pleadings,
19 contending that the judgment entered in his state habeas proceeding does not have preclusive effect
20 because they were based on fabricated gang validation evidence proffered by defendant Fernandez.
21 (Doc. No. 139 at 1–3.)  Additionally, plaintiff argues that res judicata does not apply because: (i) the
22 order entered in his prior state habeas case decided only questions of law (*Id.* at 13–14); (ii) the state-
23 court habeas decision did not represent a final judgment on the merits, because the case was
24 summarily decided and he was not provided a full and fair opportunity to litigate the issues presented
25 (*Id.* at 15–16); and (iii) privity does not exist between Warden Gipson, the respondent in the state
26 habeas proceedings, and defendant Fernandez (*Id.* at 14–15).
27     With respect to objections concerning fabricated gang validation evidence, plaintiff offers only
28 arguments already considered and rejected by the assigned magistrate judge in his findings and

recommendations. The undersigned finds those findings and recommendation to be supported by the record and proper analysis. Moreover, while plaintiff is correct that res judicata "has never been applied to issues of law with the same rigor as to issues of fact," *Segal v. American Tel. and Tel. Co., Inc.*, 606 F.2d 842, 843 (9th Cir. 1979), application of the res judicata doctrine does not hinge on the distinction between questions of law and fact. Instead, the requisite elements for a successful res judicata defense are (i) "an identity of claims," (ii) "a final judgment on the merits," and (iii) "privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003); *United States v. Wanland*, ___F.3d___, ___, 2016 WL 4011175, at *7 (9th Cir. July 27, 2016). While plaintiff is correct that "summary denial of a habeas corpus petition . . . does not have a res judicata effect," it is also true that res judicata does apply to reasoned denials of California habeas petitions. *See Gonzales v. California Department of Corrections*, 739 F.3d 1226, 1230-32 (9th Cir. 2014) ("*[R]easoned* denials of California habeas petitions, as in this case, do have claim-preclusive effect.")

Here, as noted by the magistrate judge in his findings and recommendation, the Kings County Superior Court issued a reasoned decision on the merits in denying plaintiff's state habeas petition and that decision received multiple levels of state appellate review. (Doc. No. 123 at 9–10) (setting out a lengthy excerpt from the superior court's written decision rejecting the challenge to the gang validation). Accordingly, the state court decision denying plaintiff's habeas corpus petition was a final decision on the merits and may have res judicata effect.

The undersigned, however, finds that plaintiff's third ground for objecting to the findings and recommendations is persuasive. As noted by the magistrate judge, privity exists between different individuals employed by the same government agency. *See Fund for Animals v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992) (noting that "a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government"). However, privity is lacking where parties in the two suits have not been sued in the same capacity, because a defendant in his official capacity does not represent the same legal right as he does in an individual capacity. *See Andrews v. Daw*, 201 F.3d 521, 525 (4th Cir. 2000); *Escamilla v. Giurbino*, No. 07–CV–0353 W(POR), 2008 WL 4493035, at *5 (S.D. Cal. 2008)

(denying defendants' motion to dismiss the prisoner-plaintiff's claims against defendants in their individual capacities on grounds that the privity element is not satisfied when plaintiff sued a defendant in his official capacity in his prior action).

Here, plaintiff's state habeas corpus petition was brought against Connie Gipson, Warden of California State Prison at Corcoran. (Doc. No. 58-3 at 12.) Plaintiff's second amended complaint in this civil rights action specifies that he is suing all defendants in both their individual and official capacities. (Doc. No. 18 at 4, ¶ 31.) Thus, to the extent that plaintiff has sued defendant Fernandez in his official capacity, privity exists because plaintiff is seeking relief from the same state agency involved in his state habeas petition. *See Robinson v. Brown*, No. 2:12-cv-1776 MCE DAD P, 2014 WL 1779460, at *7 (E.D. Cal. May 5, 2014). However, insofar as plaintiff has sued defendant Fernandez in his individual capacity, privity is not satisfied because plaintiff's state habeas petition only named Warden Connie Gipson in her official capacity. *See, e.g.*, *id.* at *7 (finding that no privity existed between parties of two suits who were sued in different capacities); *Escamilla*, 2008 WL 4493035, at *7 (same); *see also Mir v. Kirchmeyer*, Case No. 12-cv-2340-GPC-DHB, 2016 WL 2745338 at *8 (S.D. Cal. May 11, 2016) ("There is not privity, however, where the parties in the two suits have not been sued in the same capacity because a defendant in his official capacity does not represent the same legal right as he does in an individual capacity."); *Diamond v. City of Los Angeles*, No. CV 15-7064 JAK (AJW), 2016 WL 3180226 at *6 (C.D. Cal. May 10, 2016) ("Therefore, the element of identity of the parties is met with respect to the City and the Doe defendants sued in their official capacity, but not with respect to the Doe defendants sued in their individual capacity.")[1]

In sum, for the reasons stated by the magistrate judge in the pending findings and recommendations, the doctrine of res judicata bars relitigation of plaintiff's claim against defendant Fernandez in his official capacity. However, that doctrine does not bar plaintiff's claims brought

---

[1] The magistrate judge was correct in noting that the decision in *Hutchison v. California Prison Indus. Auth.*, No. 13-cv-04635-CW, 2015 WL 179790 at *3-4 (N.D. Cal. Jan. 14, 2015) provided some support for the conclusion that there is privity between the parties at issue here. (Doc. No. 123 at 12.) However, the undersigned is not persuaded by the reasoning of the court in *Hutchison* in light of that set forth in the cases cited above. Moreover, *Hutchison* is arguably distinguishable in that it involved two pure civil actions–one a state court negligence action and the other a federal civil rights action, as opposed to the situation presented here. In any event, the undersigned finds the decision in *Hutchison* unpersuasive on this issue.

4

against defendant Fernandez in his individual capacity, because there is no privity between defendant Fernandez and Warden Gipson in that respect.

## II. Plaintiff's motion to amend

In Section II(A)(6) of the findings and recommendations, the magistrate judge recommends that plaintiff's motion to amend his complaint to identify Michael Harris as the defendant previously identified as "John Doe" with respect to plaintiff's unreasonable search claims be granted and that the motion to amend be denied in all other respects, including the rejection of plaintiff's proposed 94 page third amended complaint . (Doc. No. 123 at 14-16.)

In his objections to the findings and recommendations, plaintiff argues only that pleadings filed by pro se litigants should be liberally construed. (Doc. No. 139 at 1–3, 20.)[2] Plaintiff's objection in this regard is unavailing. Accordingly, in accordance with the reasoning of the magistrate judge, the plaintiff's motion to amend will be denied. As indicated by the magistrate judge, plaintiff may again move to amend his complaint. If he elects to do so, however, any proposed third amended complaint must be attached to the motion, must comply with Rule 8 of the Federal Rules of Civil Procedure and may not to exceed twenty five pages in length.

## CONCLUSION

For all the reasons set forth above:

1.  The findings and recommendations filed on February 1, 2016 (Doc. No. 123), are adopted, except as described above. Specifically, the court declines to adopt the section of the findings and recommendations recommending that defendant Fernandez's motion for judgment on the pleadings be granted in its entirety.

2.  Defendant Fernandez's motion for judgment on the pleadings is granted in part and denied in part, as follows:

    a.  Granted as to plaintiff's claim brought against defendant Fernandez in his official capacity;

---

[2] While pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, a pro se petitioner "is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

      b. Denied as to plaintiff's claim brought against defendant Fernandez in his individual capacity;

3. Plaintiff's motion to amend is granted in part and denied in part as follows:

      a. Amendment to eliminate plaintiff's claim for injunctive relief is denied as futile;

      b. Amendment to identify the "John Doe" defendant in relation to plaintiff's unreasonable search claim as defendant Michael Harris is granted;

4. Defendants' motion for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing suit is denied; and

5. Plaintiff's motion for additional discovery and for a stay of the proceedings is denied.

IT IS SO ORDERED.

Dated: **September 7, 2016**

UNITED STATES DISTRICT JUDGE