UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MATIAS TORRES,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH M. DIAZ, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00492-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF Nos. 131, 132, 143] |

    Plaintiff Juan Matias Torres is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On April 14, 2016, Plaintiff filed a motion to compel discovery. (ECF No. 131.) Defendants filed an opposition on April 28, 2016, and Plaintiff filed a reply on May 26, 2016. (ECF Nos. 132, 143.)

**I.**

**DISCUSSION**

    Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 32, Discovery and Scheduling Order, ¶4. However, this

1

is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

Between March and April 2015, Plaintiff served his first and second requests for production. (See ECF Nos. 43, 60.) In May 2015, at the time Defendants filed their exhaustion-related motion for summary judgment and motion for judgment on the pleadings, they sought a stay of discovery, which was granted by the Court on May 27, 2015. (ECF Nos. 47, 50, 58, 59, 63.) Defendant B. Garza, did not partake in the stay, and therefore she served her discovery responses on May 22, 2015. (ECF No. 77.) While Defendants' motions were pending, Plaintiff served a third request for production of documents on Defendant B. Garza. (See ECF No. 101 at 3.) Thereafter, all Defendants, including Defendant B. Garza, moved to modify the discovery and scheduling order to extend the discovery cut-off and dispositive motion deadlines. (Id. at 3-5.) Defendants' request was granted on October 6, 2015, and discovery was stayed for all Defendants. (ECF No. 102.)

As previously stated, on April 14, 2016, Plaintiff moved to compel additional responses from Defendant B. Garza. (ECF No. 131.) Plaintiff seeks responsive documentation to: (1) his first request for production no. 2, which sought photographs taken of the December 28, 2011 incident and were part of the rules violation report hearing regarding that incident; (2) his second request for production no. 4, which sought the housing assignment roster for administrative segregation inmates on September 2, 2012; and (3) his second request for production no. 1, seeking information about inmate-witness Vasquez's parole release date, and if paroled, what region he was paroled to, including that region's contact information. (Pl.'s Mot. to Compel, ECF No. 131 at 1-3.) Plaintiff contends these requests are relevant to his claims against Defendant B. Garza because they will show which inmate-witnesses were in proximity to the December 28, 2011 incident. (Id.) Plaintiff also contends that having access to inmate Vasquez will allow him to obtain facts about his case. (Id. at 3.)

Plaintiff's motion to compel must be denied as moot. As previously stated, on October 6, 2015, on the basis of good cause, the Court granted Defendants' motion staying all discovery for all Defendants, including Defendant B. Garza, and noted that a subsequent amended discovery and scheduling order would issue after Defendants' were fully adjudicated. (ECF NO. 102.) Thus, in light of the stay of discovery, Plaintiff's motion to compel is moot. In a separate order, the Court has lifted the stay of discovery and issued an amended discovery and scheduling order.

## II.

## ORDER

Based on the foregoing, Plaintiff's motion to compel, filed April 14, 2016, is DENIED as MOOT.

IT IS SO ORDERED.

Dated:   **September 15, 2016**

UNITED STATES MAGISTRATE JUDGE

3