UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MATIAS TORRES,<br><br>  Plaintiff,<br><br>  v.<br><br>RALPH M. DIAZ, et al.,<br><br>  Defendants. | Case No.: 1:14-cv-00492-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT, STRIKING THIRD AMENDED COMPLAINT FROM RECORD, DENYING AS MOOT PLAINTIFF'S REQUEST TO MODIFY THE SCHEDULING ORDER, AND GRANTING PLAINTIFF THIRTY DAYS TO FILE THIRD AMENDED COMPLAINT, IF SO DESIRED<br><br>[ECF Nos. 158, 160, 172] |

Plaintiff Juan Matias Torres is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for leave to amend the complaint and for exception from the court order requiring any amended complaint not to exceed twenty-five pages, filed September 26, 2016. Defendants filed an opposition on October 11, 2016, and Plaintiff filed a reply on October 24, 2016.

**I.**

**PROCEDURAL HISTORY**

This action is proceeding on Plaintiff's second amended complaint against Defendants Michael Harris, Rumulo Garza, and Y. Arnold for excessive force in violation of the Eighth Amendment, against Defendant "John Doe" for unreasonable search, against Defendant D. Fernandez for

1

retaliation, and against Defendants B. Garza and M. Pallares for a due process violation.

On May 5, 2015, Defendants Harris, R. Garza, Arnold, and Pallares filed a motion for summary judgment for lack of exhaustion of the administrative remedies.[1]  (ECF No. 47.)

On May 22, 2015, Defendant Fernandez filed a motion for judgment on the pleadings.  (ECF No. 58.)

On June 26, 2015, Plaintiff filed an opposition to Defendants' motion for summary judgment for lack of exhaustion.  (ECF No. 78.)  Defendants filed a reply on July 29, 2015.  (ECF No. 89.)  Plaintiff filed a surreply on September 3, 2015.  (ECF No. 98.)

On July 30, 2015, Plaintiff filed an opposition to Defendant Fernandez's motion for judgment on the pleadings.  (ECF No. 90.)  Defendant Fernandez filed a reply on September 8, 2015.  (ECF No 99.)  Plaintiff filed a surreply on October 8, 2015.  (ECF No. 103.)

On July 16, 2015, the Court granted Plaintiff's request for review of the confidential inquiry conducted by SATF staff in regard to the December 28, 2011, incident and inmate appeal, Log No. SATF-2-12-00236, and directed Defendants to submit the confidential inquiry for in camera review. (ECF No. 86.)  After Defendants' motion for reconsideration of the July 16, 2015, order was denied, Defendants submitted the confidential inquiry for in camera review on October 9, 2015.  (ECF No. 100.)

On October 22, 2015, Plaintiff filed a motion requesting additional discovery in order to oppose Defendants' motion for summary judgment relating to exhaustion.  (ECF No. 105.)

On October 30, 2015, Plaintiff filed a motion to amend the complaint and motion for protective order to stay ruling on Defendant Fernandez's motion for judgment on the pleadings.  (ECF Nos. 106, 107.)  Defendants filed an opposition to Plaintiff's motions on November 20, 2015.  (ECF Nos. 110, 111.)  Plaintiff filed a reply on December 11, 2015.  (ECF No. 115.)

Plaintiff filed a subsequent motion for leave to file an amended complaint on November 23, 2015.  (ECF No. 112.)  Defendants filed an opposition on December 14, 2015.  (ECF No. 116.)  Plaintiff filed a reply to Defendants' opposition on January 15, 2016.  (ECF No. 121.)

---

[1] Defendant B. Garza did not move for summary judgment.

On January 6, 2016, Plaintiff filed a motion to amend the complaint, and a motion to add one additional page, along with a third amended complaint which was lodged by the Court. (ECF Nos. 117-119.) Defendants filed an opposition on January 20, 2016. (ECF No. 122.)

On February 1, 2016, the undersigned issued Findings and Recommendations recommending that Plaintiff's motions to amend be granted in part and denied in part, Plaintiff's motion for discovery and stay of the proceedings be denied, Defendant Fernandez's motion for judgment on the pleadings be granted, and Defendants' motion for summary judgment for lack of exhaustion of the administrative remedies be denied. On September 8, 2016, the assigned District Judge adopted in part the Findings and Recommendations. The Court granted in part and denied in part Defendant Fernandez's motion for judgment on the pleadings, denied Defendants' exhaustion-related motion for summary judgment, denied Plaintiff's motion for discovery and granted in part and denied in part Plaintiff's motion to amend. With regard to Plaintiff's motion to amend, the District Judge granted Plaintiff leave to amend to identify the "John Doe" defendant in relation to Plaintiff's unreasonable search claim as to Defendant Michael Harris. (Order at 6, ECF No. 155.) However, in noting that Plaintiff was free to move to amend the complaint, the District Judge ordered that any proposed third amended complaint must be attached to the motion, must comply with Rule 8 of the Federal Rules of Civil Procedure and may not exceed twenty-five pages in length. (Id. at 6, ECF No. 155.)

On October 11, 2016, Defendant Fernandez filed a motion for reconsideration of the order denying his motion for judgment on the pleadings for lack of privity. (ECF No. 161.) The motion is pending before District Judge Drozd.

As previously stated, on September 26, 2016, Plaintiff filed a motion to amend the complaint and file an amended complaint in excess of twenty-five pages. Defendants filed an opposition on October 11, 2016, and Plaintiff filed a reply on October 24, 2016.

On October 6, 2016, and December 30, 2016, Plaintiff filed motions to modify the deadline to amend the pleadings in light of his pending request for leave to amend the complaint.[2] (ECF Nos. 160, 172.)

---

[2] The deadline to amend the pleadings expired on December 15, 2016. (ECF No. 156.)

3

## II.

## DISCUSSION

**A.     Legal Standard**

Plaintiff has amended once and therefore he must obtain leave of court to amend. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.

   1.     Prior Amendments

The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986). In this instance, the Court has previously permitted Plaintiff leave to amend his complaint, and therefore this factor weights in favor of denial of Plaintiff's motion to amend.

   2.     Undue Delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973); DCD Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. See Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981). An important factor is whether "permitting an amendment would … produce an undue delay in litigation." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). Plaintiff's third amended complaint seeks to add several new defendants regarding his due process violation in relation to his gang validation. This action has been pending for almost three years and the current discovery deadline is a mere two months away.[3]

---

[3] After an extension of the initial deadlines, the current deadline for completion of all discovery is March 15, 2017. (ECF No. 156.)

Thus, given the age and procedural posture of this case, allowing Plaintiff to file a third amended complaint would cause a significant delay in the action. Any new defendants would need to be located, served and provided an opportunity to conduct discovery. Therefore, this factor weighs in favor of denying Plaintiff's motion for leave to amend.

### 3. Bad Faith

There is no evidence before the Court to suggest that Plaintiff acted in bad faith. Thus, this factor has no bearing on whether the Court should grant Plaintiff leave to amend.

### 4. Futility of Amendment/Law of the Case

"The 'law of the case' rule ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case." Moore v. James H. Matthews & Co., 682 F.2d 830, 833 (9th Cir. 1982), citing IB Moore's Federal Practice, 0.404(1), at 404-09 (2d ed. 1980); In re Staff Mortgage & Investment Corp., 625 F.2d 281, 282-83 (9th Cir. 1980); Adamian v. Lombardi, 608 F.2d 1224, 1228 (9th Cir. 1979). "Although the law of the case rules does not bind a court as absolutely as res judicata, and should not be applied 'woodenly' when doing so would be inconsistent with 'considerations of substantial justice,' the discretion of a court to review earlier decisions should be exercised sparingly so as not to undermine the salutary policy of finality that underlies the rule." Moore, 682 F.2d at 833-34, citing Lathan v. Brinegar, 506 F.2d 677, 691 (9th Cir. 1974) (en banc); United States v. Fullard-Leo, 156 F.2d 756, 757 (9th Cir. 1946).

In this instance, the law of the case doctrine weighs against granting Plaintiff's motion to amend as he seeks to reintroduce claims and defendants that have already been addressed in the Court's prior screening order. To this end, Plaintiff's third amended complaint seeks relief against twenty named defendants, and Plaintiff states that in screening his second amended complaint, defendants were dismissed because Plaintiff did not demonstrate how each of them personally participated in his prison gang validation. Now, the proposed third amended complaint, will demonstrate these defendants' personal involvement, but to do so, Plaintiff must go beyond the Court's twenty-five page limit. However, as stated in the Court's August 28, 2014, screening order, Plaintiff's allegations were sufficient to give rise to a cognizable due process claim against Defendants B. Garza and M. Pallares based on the alleged failure to present a witness statement and admission of

false evidence at the rules violation hearing. (Order at 19:12-14, ECF No. 19.) Now over two years later, Plaintiff seeks to reassert due process claims that were screened out from the second amended complaint for failure to state a claim. Plaintiff provides no reason to disturb the Court's screening order, nor does he point to any intervening change in the law. Plaintiff's attempt to amend his due process claims regarding his gang validation is barred and therefore futile.

5.      Prejudice to Opposing Party

Prejudice is the most critical factor in determine whether leave to amend should be granted. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The burden of showing prejudice is on the party opposing an amendment to the complaint. DCD Programs, 833 F.2d at 187.

Extending the discovery period has been found to prejudice existing defendants. See, e.g., Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (observing "[t]he requirement of additional discovery would have prejudiced [the defendant]" if leave to amend a complaint was granted); Lockheed Martin Corp. v. Network Solutions Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice"). The Court finds that Defendants would be prejudiced if Plaintiff is allowed to add several new Defendants in this action almost three years after the action was filed where the majority of discovery with the current Defendants is (or should be ) nearly completed. See DCD Programs, 833 F.2d at 187; Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 43 F.3d 1054, 1069 (6th Cir. 1995). Thus, given the likely prejudice to Defendants, this factor weighs in favor of denying Plaintiff's motion to amend.

**B.      Exception from Twenty-Five Page Limitation**

In addition to attempting to re-litigate claims screened out in this case, Plaintiff seeks to be exempt from the Court's twenty-five page limitation. However, Plaintiff fails to provide a valid basis for doing so, and the Court finds that twenty-five pages is sufficient to amend his third amended complaint for the reasons set forth in the Court's September 8, 2016, order, namely, to identify the John Doe (as Michael Harris) with regard to his unreasonable search claim. (ECF No. 155.) In filing an amended complaint, no further claims or defendants may be added to the third amended complaint and Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v.

Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the second amended complaint must be completely stated again in the third amended complaint. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint, and leave to amend is only to identify and substitute the "John Doe" defendant as Michael Harris with regard to Plaintiff's unreasonable search claim. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In addition, Plaintiff's third amended complaint may not exceed twenty-five (25) pages.

### III.
### CONCLUSION AND ORDER

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a third amended complaint in excess of twenty-five pages is DENIED;
2. Plaintiff's third amended complaint lodged on September 26, 2016, is stricken from the record;
3. Plaintiff is granted thirty (30) days from the date of service of this order to file a third amended complaint in compliance with this order; and
4. Plaintiff's motions to modify the deadline to amend the pleadings, filed October 6, 2016, and December 30, 2016, are denied as moot.

IT IS SO ORDERED.

Dated: **January 11, 2017**

UNITED STATES MAGISTRATE JUDGE